No. 2609.—NICHOLAS HOBSON *v.* EMILY WOOLFOLK—CLARK and HUBBARD, Garnishees.

Third parties who have stored or deposited their cotton in the gin of the defendant, cannot recover damages from the seizing creditor, caused by the burning of the gin while it was under seizure, unless it be shown affirmatively that the seizure was the cause or occasion of the fire.

If the plaintiff and seizing creditor be a resident of another State, citation to answer a reconventional demand set up by defendant, or citation in case of intervention by a third party, is unnecessary. C. P., 375.

APPEAL from the Fifth Judicial District, parish of Iberville. *Posey*, J. *Barrow & Pope*, for plaintiff and appellant. *Samuel Matthews*, for garnishees and appellees.

TALIAFERRO, J. The plaintiff, who is a resident of Tennessee, and a judgment creditor of the defendant, caused execution to issue, and took out process of garnishment against Clark and Hubbard, lessees of a plantation called "West Oaks," assumed by plaintiff to have been leased for a large sum by the defendant to the garnishees. The plaintiff took out a writ of provisional seizure in order to exercise his debtor's supposed privilege as lessor, and caused the movable property on the premises, belonging to the lessees, to be seized and taken into the possession of the sheriff. The seizure embraced the mules, carts,

farming utensils, a number of bales of cotton, corn and other crops, furniture, etc. The garnishees in their answer denied that they were in any manner indebted to Emily Woolfolk, or that she' or the plaintiff had any privilege as lessor or any other lien on the movable property seized on the "West Oaks" plantation, under the writ of provisional seizure, taken out by the plaintiff. They claim in reconvention the sum of $17,376 20 as damages sustained by being deprived of the control and use of their property; the further sum of $8000, value of thirty-seven bales of cotton, consumed by fire during the time it was under seizure; $1500 as attorney's fees, incurred in defending the proceedings taken against them, etc. Interventions were filed by Campbell and Bogan, the former alleging the loss of two thousand pounds of ginned cotton, consumed by the burning of the gin on the "West Oaks" plantation while it was under seizure by the plaintiff and out of the possession of the lessees, Clark and Hubbard. The other intervenor, on the same ground, claimed $3270 as damages sustained from the loss of cotton by the burning of the gin. The lessees had judgment in their favor on their reconventional demand for $2829 26. The intervenor, Campbell, had judgment against the plaintiff for $497 09. Bogan, the other intervenor, having died pending the suit, and no revival being made, no judgment was rendered on this claim.

The plaintiff has appealed.

It is fully established that the lessees of the "West Oaks" plantation obtained it by contract of lease from the heirs of Beaty, through their agent, and that Mrs. Woolfolk had no interest whatever in the lease, and was to receive nothing on account of it.

The defense set up against the reconventional demand of the lessees rests chiefly upon technical grounds. It appears that Clark and Hubbard, and Ide, a resident of Ohio, had formed a partnership in the planting business, and that they owned the property that was seized by the plaintiff, except that portion of the cotton claimed by the intervenors, who had placed their seed cotton in the West Oaks gin, to be ginned for them by the lessees. The plaintiff contends that Clark, Ide and Hubbard, being particular partners, are third parties to the suit; that Clark and Hubbard, individually, were garnisheed; that a claim for the partnership could only be presented by intervention. It is objected that the plaintiff was not cited to answer the reconventional demand, the citation made upon his attorneys being insufficient. For the same reason it is urged that there was no citation made on the plaintiff by the intervenors, and that the judgments rendered are null.

The plaintiff, Hobson, being a resident of a different State, the reconventional demand could be set up against him. Code of Practice, 375. No citation was necessary. The plaintiff was in court and bound to take notice of the demand in reconvention, and the law

raises an issue on that demand without an answer in writing. 3 L. R., 100; 3 N. S., 364. The answer of the parties made garnishees that they, with Ide, constituted a planting partnership, did not affect their right to claim as partners the damages they alleged were sustained by the acts of the plaintiff, who caused the partnership property to be taken into the custody of the sheriff, under a writ of provisional seizure, and who proceeded against the two resident partners by process of garnishment.

The court is of opinion that the cause assigned for the damages alleged to have arisen from the loss of the cotton is too remote to admit of charging the plaintiff with the loss. The occurrence of the fire, by which the cotton was destroyed, did not result directly from the seizure of it by the sheriff, and was an event the plaintiff had no agency in bringing about. We think, therefore, that the court a qua erred in allowing the defendants the sum of $2185 50 as damages sustained by them for the loss of cotton. For the same reason the allowance of the claim of the intervenor, Campbell, for $457 90 as damages arising from the accident by fire should be rejected.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed, so far as it awards to the defendants $2485 50, and the intervenor, Campbell, $457 90 as damages for loss of cotton. That the judgment be annulled by striking out and disallowing the same, and that the judgment so amended be affirmed, the defendants and appellees paying costs of this appeal.