(92 South. 360)

No. 25143.

HANNA v. OTIS.

In re HANNA.

(May 8, 1922. Rehearing Denied by Division C June 5, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Abatement and revival** &⟶65—**Father's action for damages from assault on son did not abate by father's death.**

A father's suit for an assault on his minor son was for the use of the son, and did not abate by the father's death, especially where the death occurred after the answer was filed, in view of Code Prac. art. 21.

**2. Pleading** &⟶402—**Failure of petition to show father's right to sue immaterial, on filing of amended petition by son.**

The failure of the petition in a father's suit for assault on his minor son, to disclose his representative capacity or authority to sue, became immaterial on the filing and service of an amended petition by the son after the father's death and his own emancipation, adopting and reiterating the allegations of the original petition.

**3. Parent and child** &⟶7(1)—**Damages for personal injuries belong to child, and not to parent.**

Damages for personal injuries to a minor child belong to the child, and not to his parent.

**4. Set-off and counterclaim** &⟶32—**Compensation and reconvention; demand for overpayment of wages could not be set up in suit for assault.**

Under Code Prac. art. 375, where both plaintiff and defendant, in an action for assault while plaintiff was in defendant's employment, resided in the parish, defendant's reconventional demand for an overpayment of wages claimed not to have been earned was properly rejected as not necessarily connected with and incidental to the main action.

**5. Judgment** &⟶589(2)—**Judgment in action for wages and penalty for nonpayment not res judicata as to claim for loss of earnings from assault.**

The judgment in a suit for wages and for the statutory penalty for failure to pay wages upon discharge was not res judicata as to a claim in an action for assault for loss of earning capacity, as a result of the assault which was committed during the employment.

**6. Damages** &⟶87(1) — **Punitive damages not authorized.**

The law of Louisiana does not authorize punitive damages in civil cases.

**7. Certiorari** &⟶36 — **When record does not show increase of judgment asked in Court of Appeal, matter cannot be considered.**

Where the record does not show that any answer was filed to the appeal in the Court of Appeal asking for an increase of the judgment, the question cannot be considered in the Supreme Court on certiorari.

Certiorari to Court of Appeal, Parish of Calcasieu.

Action by Albert Hanna against C. D. Otis. Judgment for plaintiff was reversed by the Court of Appeal, and plaintiff applies for certiorari or writ of review. Judgment of the Court of Appeal annulled, avoided, and reversed, and judgment of the district court affirmed.

W. C. Braden, of Lake Charles, for applicant.

Robert R. Stone and Shelby N. Young, both of Lake Charles, for respondent.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

LAND, J. On January 4, 1921, Albert Hanna instituted suit in the Fifteenth judicial district court to recover damages for an assault and battery, alleged to have been committed by defendant on his minor son, Paul I. Hanna, while in the employment of the defendant. Plaintiff prayed for judgment in his favor, for the account of his minor son, in the sum of $500, with legal interest from judicial demand until paid.

On January 27, 1921, defendant filed an exception of no cause nor right of action, for the reason that the petition does not disclose the authority of plaintiff over his minor son, Paul I. Hanna. On January 28, 1921, the district court overruled this exception.

On February 11, 1921, before this case had been fixed for trial, Albert Hanna father of Paul I. Hanna, departed this life at his home in Paradise, Pa.

On March 14, 1921, Paul I. Hanna, being still a minor over 18 years of age, was fully emancipated by judgment of the Fifteenth judicial district court in and for the parish of Calcasieu, and relieved from all disabilities which attached to minority. On March 14, 1921, after having been fully emancipated, Paul I. Hanna filed his petition in this case, setting forth the death of his father and his emancipation by judgment of the court, asking that he be made a party plaintiff in this case in his own right, and that he be allowed to prosecute this suit for his own use and benefit, and reiterating all of the allegations of the original petition filed by his father.

On March 17, 1921, a citation, together with a copy of the petition of Paul I. Hanna, was duly served on the defendant, C. D.

Otis, and, on March 30, 1921, defendant filed a second exception to the original petition of Albert Hanna and to the supplemental petition of Paul I. Hanna, making himself a party plaintiff, alleging that said petitions taken together, disclosed a lack of capacity of the present plaintiff to stand in judgment in the cause of action sued on, and that said petitions taken together disclosed no cause nor right of action, which exceptions were overruled by the lower court.

On January 27, 1921, defendant filed his answer to the petition of Albert Hanna, and, on April 1, 1921, defendant filed his answer to the amended and supplemental petition of Paul I. Hanna, and claimed judgment in reconvention against him for the sum of $18.65, alleging that defendant had deposited said sum in the city court of Lake Charles, La., as a portion of the wages and costs sued for by Paul I. Hanna in said court; and that although said suit was dismissed because Paul I. Hanna was a minor, yet said amount had been paid over to him by the court.

[1] The district court rendered a judgment in favor of Paul I. Hanna for the sum of $240, with legal interest from judicial demand. The Court of Appeal, however, sustained the exception of no cause nor right of action pleaded against the petition of Albert Hanna, the father, and reversed the decision of the lower court. We find no reference in the opinion of the Court of Appeal to the fact that, after the death of Albert Hanna, the father, Paul I. Hanna was emancipated and made a party plaintiff to this suit in his own right. The suit brought by Albert Hanna was not for his individual benefit but for the use of his minor son, and did not abate by his death, especially as said death occurred after the answer was filed. C. P. art. 21.

The amended petition of Paul I. Hanna was filed in this case after the exception of no cause nor right of action urged against the original petition of the father had been

overruled, and before the case had been fixed for trial.

We find in the record no objection made to the filing of the supplemental petition of Paul I. Hanna.

[2] After the filing and service of the amended petition, which adopted and reiterated the allegations of the original petition, it is clear to our minds that the lack of allegations in the original petition as to the representative capacity or authority of the father to sue was eliminated from the case, as Paul I. Hanna, the real party in interest, had been made a party to the suit in his own individual capacity and in his own right.

[3] It is not contended in this case that the original petition fails in any other respect to set forth a right or cause for action, except as to want of necessary averments to show the representative capacity or authority of Albert Hanna to sue for the use of his minor son, and it is well settled that damages for personal injuries to a minor child belong to the child and not to his parent. Black v. Ry. Co., 10 La. Ann. 38, 63 Am. Dec. 586; Pattison v. Gulf Bag Co., 116 La. 963, 41 South. 224, 114 Am. St. Rep. 570; Maille v. Illinois C. R. R. Co., 121 La. 360, 46 South. 355.

We fail, therefore, to see how it can be logically contended that the original and supplemental petitions taken together can be construed as disclosing lack of capacity on the part of the present plaintiff, Paul I. Hanna, to stand in judgment in this case, as the legal right of an emancipated minor over the age of 18 years to sue in his own name and in his own behalf for personal injuries must necessarily be conceded; and especially as defendant in his answer to the supplemental petition of Paul I. Hanna has prayed for judgment in reconvention against him, thereby admitting his capacity to stand in judgment, and that, as plaintiff, he is rectus in curia.

We therefore conclude that our learned brothers of the Court of Appeal erred in sustaining the exception of no cause nor right of action in this case.

Discussing the merits of the case, we find from plaintiff's petition that he alleges that defendant maliciously and without provocation assaulted him, in the presence of several of the people living in the neighborhood, with a pitchfork, striking plaintiff a blow on the shoulder, and a blow on the head, severely cutting and lacerating his head, and leaving plaintiff in such a weakened physical condition from loss of blood as to render him unfit to do any work for 5 days, for which loss of time plaintiff claims $4 per day, or the sum of $20.

Plaintiff alleges that, by receiving these injuries, his physical condition was so impaired, that, after regaining his health sufficiently to enable him to seek new employment, he was compelled to accept employment at considerably less wages than he had formerly received, for this loss plaintiff claims the additional sum of $55.

Plaintiff also alleges that he is entitled to recover the further sum of $25 for medical services; also the sum of $200 for the physical pain, suffering, and humiliation caused him by said assault, publicly inflicted, and punitive or exemplary damages in the sum of $250, because said assault was committed with an extremely dangerous weapon, and was malicious and without any manner of provocation.

Defendant admits that plaintiff was in his employ at the time of the alleged assault; that plaintiff was receiving $4 per day at the time of the injury; and that he struck plaintiff one blow on the head, causing the loss of a small quantity of blood.

Defendant alleges that, at the time the blow was struck he was criticizing plaintiff for his loafing at his work, and that plaintiff was answering back in an impertinent manner, that the two were close to each other at the time, defendant working with a

pitchfork and plaintiff with a shovel; that, upon defendant continuing to complain of plaintiff's failure to give a full day's work, plaintiff applied a vile epithet to defendant, and raised his shovel in a threatening manner, and that thereupon defendant struck him one blow with the pitchfork, believing that he was about to be assaulted by plaintiff, who is alleged to be young and vigorous and much stronger than defendant, who states that he is past 62 years of age. Defendant alleges that plaintiff was facing him at the time the blow was struck with the pitchfork, and that both dropped their implements of husbandry; that defendant attempted to clinch to avoid punishment, and was struck by plaintiff in the chest, and that, from either the force of the blow, or tripping, defendant fell to the ground.

Defendant alleges that plaintiff had worked for him at his nursery for 22½ days at $4 per day, and had received $95.50, but that plaintiff had loafed half his time, as defendant subsequently discovered, and defendant prays for judgment in reconvention against plaintiff in the sum of $47.75.

Defendant also claims judgment in reconvention against plaintiff in the sum of $18.-65, as already recited in this opinion.

[4] The district judge properly rejected the reconventional demand of the defendant, for the sum of $47.75 as both plaintiff and defendant resided in the parish of Calcasieu, and said demand is not necessarily connected with and incidental to the main action for damages for assault in this case. C. P. art. 375.

[5, 6] Plaintiff's claim for $20 in this suit is based upon the loss of earning capacity, as a result of his wound, for 5 days at $4 per day. The suit between the parties in the city court of Lake Charles was for wages due plaintiff by defendant and for the statutory penalty due for failure to make payment of wages at the time of plaintiff's discharge. Defendant's contention, therefore,

that plaintiff cannot recover the $20 in this suit, because this claim was adjudicated in the city court is not well founded. The lower court also rejects plaintiff's demand for punitive or exemplary damages. This ruling is correct, as our law does not authorize the infliction of punitive damages in civil cases. Serio v. American Brewing Co., 141 La. 291, 74 South. 998, L. R. A. 1917E, 516; Vincent v. Morgan's Louisiana, etc., Ry. Co., 140 La. 1027, 74 South. 541.

The physician's charge of $25 for sewing up plaintiff's wound and for 8 treatments is reasonable and is approved.

The lower judge who heard the witnesses and noted their manner of testifying on the stand, concluded from all the facts and circumstances of the case that defendant's attack on plaintiff was unfounded, cruel, and cowardly. While the testimony is conflicting, yet, in view of the fact that defendant pleaded guilty in the city court of Lake Charles to making this attack, and in view of the further fact that defendant admits in his answer that he provoked the difficulty by rebuking the plaintiff for his alleged shiftlessness, and that he struck him the first blow with a pitchfork, it is plain to our minds that defendant was at fault, and we concur with the trial judge in accepting as true the statement of plaintiff that, while he replied to this rebuke spiritedly, yet he used no insulting language to defendant at the time of the assault, made no attempt to strike him with a spade, as alleged in defendant's answer, and had his back turned when the blows were inflicted by defendant.

Even the daughter of the defendant admits in her testimony that she raised the window and called out to her father: "Oh, Papa, that is no way to act!" Evidently such an exclamation would not have been made, if her father at the time was in the act of defending himself against an assault with a shovel in the hands of the plaintiff.

The blow on the head cut plaintiff's scalp

nearly to the bone from 1½ to 2 inches. The wound bled profusely and had to be stitched. Being inflicted with a manure fork, plaintiff's wound became infected, and he suffered severely for 5 days and was not free from pain until about a week after the blow was received.

Plaintiff claims $200 damages for pain, suffering, and humiliation. The trial judge finding that no humiliation was proven, awarded plaintiff $195 for pain and suffering, and stated in his opinion that he would have allowed larger damages, had they been claimed.

[7] As the record before us does not show that any answer was filed to the appeal in the Court of Appeal, asking for an increase of the judgment of the lower court, we cannot consider this question on review.

We find from the opinion of the trial judge that the item of $55 for loss of earning capacity as the result of the wound was abandoned by plaintiff's counsel in argument.

Our conclusion is that the judgment of the district court is correct.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal be annulled, avoided, and reversed, and it is now ordered that the judgment of the district court be affirmed, at the cost of the defendant.

Rehearing refused by Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.