No. ——

First Circuit

WATSON v. CENTRAL LOUISIANA POWER COMPANY

(June 26, 1926. Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Damages—Par. 12, 13.**
Punitive damages are not recoverable under the civil law of Louisiana.

2. **Louisiana Digest—Appeal—Par. 637.**
The finding of the trial as to a matter of fact, the quantum of damages, being insufficient, is increased.

Appeal from the Parish of Tangipahoa. Hon. Columbus Reid, Judge.

Action by Celia Watson against Central Louisiana Power Company.

There was judgment for plaintiff and both parties appealed.

Judgment amended and affirmed.

Ellis & Ellis, of Rayville, attorneys for plaintiff, appellant.

Purser & Magruder, of Amite, attorneys for defendant, appellant.

MOUTON, J.   Plaintiff had in front of her home property two large oak trees which were cut down by defendant, a company that furnishes electricity to the Parish of Tangipahoa. The trees were cut because they interfered with the transmission line of the company which was strung in close proximity to the trees.

Plaintiff sued defendant for $1000.00, the elements of the damages claimed being constituted as follows:   $500.00 for the value of the trees, $50.00 for interference with free access to her property; for worry and grief over the loss of her trees $50.00, and $250.00 for punitory damages.

The claim for punitory damages was properly eliminated below as no such damages are recoverable under the civil law. Douglas, Burt & Buchanan Co. v. T. & P. R. R. Co., 150 La. 1038, 91. South. 503; Hanna vs. Otis, 151 La. 851, 92 South. 360. This is not disputed by counsel for plaintiff, who now claims the sum of $750.00 on his original demand.   The trial court rendered judgment in favor of plaintiff for $200.00, from which both parties appeal.

The trees were cut by the company because it considered their removal essential to a proper operation of their plant, and their destruction was neither malicious nor wanton.   The trees stood at some distance from the house where plaintiff lives, and were of small benefit to her home as shade trees, their real value consisting only as ornamental trees which were located on a small tract of nine acres worth about $400.00.   The sum of $200.00 given to plaintiff by the district judge for the value of the trees, we think, is a fair allowance.

The proof shows that the trees were left by the company in a tangled mass on the property of the plaintiff after they were cut.   They remained there for some time and seriously interfered with plaintiff's free access and exit to and from her home.   We find that plaintiff is entitled to $50.00 for this invasion of her property rights.   The amount claimed for grief for the loss of her trees, we think, was properly denied, and also for punitory damages, as before stated.

It is therefore ordered and decreed that the judgment be increasd in the sum of fifty ($50.00) dollars, and as thus amended it be affirmed with cost.