**YOUNG v. GETER.**

No. 5424.

Court of Appeal of Louisiana, Second Circuit.

April 1, 1937.

Rehearing Denied April 30, 1937.

Certiorari and Review Denied May 24, 1937.

See, also, 185 La. 709, 170 So. 240, 107 A.L.R. 608; (La.App.) 170 So. 410.

Stephens & Gahagan, of Natchitoches, for appellant.

John G. Gibbs, of Natchitoches, for appellee.

DREW, Judge.

Two different angles of this case have previously been before this court, and one phase of it has been before the Supreme Court. As a result of the three former trials, the case is now reduced to a determination on the merits.

The manner in which the record is compiled and irregularities in the trial are such as to necessitate the case again being remanded to the lower court for a trial de novo on the merits; and after said trial is had and an appeal taken, the record be compiled as it should be before it is again sent to this court. Every record should be arranged in the order in which the pleadings or documents are filed. When it is not, unnecessary labor and time are entailed in studying the case.

Plaintiff instituted this suit on a rent note for the amount of $1,650, covering rent alleged to be due for a farm for the years 1933, 1934, and 1935. The stipulated rent was $550 per year.

Defendant admitted execution of the rent note, but denied owing any part of it. He pleaded in reconvention, set-off and compensation the amount of $6,509.33 and prayed for judgment in his favor, rejecting plaintiff's demands, first, for breach of contract and for the amount of $6,509.33; and, in the alternative, for the amount above set forth, plus $250, less the amount of the rent note.

■ Defendant entered into a verbal rent contract with plaintiff in January, 1933. The term of the lease was for three years and the agreed price $550 per year, to be paid in the fall. After this contract was entered into, the United States' Government, under its Cotton Acreage Reduction program, entered into a contract with plaintiff to reduce the yearly acreage, and he received from the government certain amounts of money for reduction in the years 1933, 1934, and 1935; the exact sum received not being disclosed by the record. Defendant contends that when plaintiff entered into the contract with the government, he to that extent dispossessed defendant and therefore breached his contract with defendant, and for that reason no amount of rent was due under the rent contract. The record fairly shows that defendant was aware of the contract and did not object; in fact, one check was mailed to defendant and he delivered it to plaintiff. We are of the opinion the dealings with the government by plaintiff do not constitute a breach of contract which would void the rent contract; but, under the moneyed rent contract, the amounts of rent received from the government by plaintiff belonged to defendant, unless there was a contract to the contrary between them, and the rent owed by defendant should have been credited with these amounts. It would not entail great effort to secure the necessary testimony to prove the correct amounts, parts of which are admitted by plaintiff.

■ One item of defendant's reconventional demand is for damages alleged to have been caused to defendant by assault and battery, which he alleged plaintiff committed on him. When proof was offered on this item, plaintiff strenuously objected for the reason both plaintiff and defend-

ant are residents of the same parish and the alleged offense was not necessarily connected with and incidental to the main demand. The lower court overruled the objection and heard the testimony. The ruling was erroneous and the objection should have been sustained. Code Prac. art. 375; Hanna v. Otis, 151 La. 851, 92 So. 360.

One item pleaded in reconvention and as offset and compensation by defendant is in the amount of $2,244.42, which defendant contends was the actual amount owed him by plaintiff at the conclusion of their crop agreement in the year 1932 and covering the years 1929, 1930, 1931, and 1932. It is shown that during the four years above enumerated, defendant farmed plaintiff's land, paying a rent of one-fourth of what he produced, plaintiff furnishing defendant and all his half hands during those years. Defendant contends that at the conclusion of the year 1933, he and plaintiff had a settlement in which plaintiff gave to him the following statement:

"Examination Blank

No...... Pupil..H. W. Geter... Age...... Grade.....
Subject ......................... Teacher..............
Date ...... Time Used......... Standing.............

| Yr............#'s Cotton | |
|---|---|
| 1929 | 10,690 |
| 1930 | 13,310 |
| 1931 | 15;055 |
| 1932 | 10,821 |

4 ) 49,876     total

12,469 .. ¼ of/crop.

37,407 .. ¾ of total crop.
.06 .. price / #

$2,244.42 .. Amount owed HWG"

Defendant contends this is an account stated and binding upon plaintiff. When plaintiff offered evidence to explain the document and to show that the instrument relied upon by defendant only showed the amount of credits due defendant out of his entire cotton crop for the four years and that it did not show the amounts due by defendant to plaintiff for supplies furnished him and his tenants on defendant's written orders during the four-year period, he was met with an objection to the testimony, which was sustained. The lower court sustained the objection, at one time giving as part of his reasons that error and fraud had not been pleaded by plaintiff and therefore .he could not destroy the

stated account as evidenced by the document relied upon by defendant. At another time during the trial, when counsel for plaintiff asked plaintiff's son, who had testified he was present at the settlement between his father and defendant in 1932 and took part in same, the following question: "Do you remember whether at that time Mr. Geter's credits were more or less than his debits?" The objection was made by counsel for defendant that the question "called for the opinion of the witness, seeking to establish a stated account by parol testimony and it had not been shown that the best evidence is not available." The objection was sustained for the following reasons:

"By the Court: The court understands from the testimony that in the fall of 1932, the plaintiff and defendant had what they called a settlement of the business affairs prior to that date, and that there was an agreement reached and agreed to as to the amount owing by the respective parties, and it was agreed that from then on that their business would begin anew, and that the account prior to that date would be considered as a stated account. The court understands the law to be that you can only prove that in writing, and parol testimony is not admissible to take an account or claim out of. prescription, therefore, the objection is good."

After plaintiff had been successfully rebuffed in his effort to show what he contends was the true settlement at the time the document relied upon by defendant was given him, he offered in evidence what he contended is a true, written statement of the settlement. This was objected to for the reason there was no proof of the charges made against defendant and the itemized account attached to the statement. The objection was sustained, a bill reserved to each of these rulings, and as to the last offering, a formal bill was prepared and the document offered attached thereto. The lower judge refused to sign the bill and same has been filed here by plaintiff. It is unnecessary to pass upon the correctness of the lower judge's ruling in not signing the bill. It may have been presented too late; however, that is immaterial. The right to prove the correctness of the itemized account offered was exactly what plaintiff was attempting to do and was not allowed.

We know of no rule of evidence, practice, or pleading which requires a plaintiff

to file an answer to a reconventional demand made by defendant in connection with his answer to the original demand of plaintiff. Hobson v. Woolfolk, 23 La.Ann. 384. Plaintiff, without answering, can urge any defense to a reconventional demand unless said defense is one of the special defenses required to be specially pleaded.

The testimony offered by plaintiff, as recited above, should have been admitted and it was error to exclude it.

The document purporting to set forth the true settlement between plaintiff and defendant at the end of the year 1932, and which, together with an itemized account, is attached to said formal bill of exceptions, is as follows:

"Examination Blank

No...... Pupil..H. W. Geter... Age...... Grade.....
Subject .......................... Teacher.............
Date ...... Time Used.......... Standing............

| Yr.........#'s Cotton | | |
|---|---|---|
| 1929 | 10,690 | |
| 30 | 13,310 | |
| 31 | 15,055 | |
| 32 | 10,821 | |
| 4) | 49,876 | |
| | 12,469 | ¼ of total crop in #'s lint Cotton. |
| | 37,407 | ¾ of total crop in #'s " |
| | .06 | price / #. |
| | $2,244.42 | Amount owed HWG. |
| | $2,823.10 | |
| | 2,244.42 | |
| | $ 578.68 | Amount HWG owes OLY with rent of mules & hay press yet to be added" |

A comparison of the two statements, one offered by plaintiff and not allowed, reveals a great similarity in many cases. They are both written on the same kind of paper, with identically printed headings. That offered by plaintiff is on a full-size sheet of paper, while the one by defendant is on about two-thirds of a full sheet. It is evident to the eye that the lower third of the sheet of paper has been severed or cut off by some sharp instrument. If the sheet of paper on which the statement relied on by defendant were placed on the sheet offered by plaintiff, and that part of plaintiff's sheet which extended below defendant's sheet were cut off, one would have two statements exactly alike and neither would then show the amount defendant owed plaintiff at the time the statements were made, from which the amount owed defendant by plaintiff for cotton was subtracted, leaving a balance due plaintiff by defendant of $578.68, plus rent of mules and hay press.

The statement of defendant, when taken with the other testimony in the record, fails to show anything other than the amount of credit due defendant for cotton raised and turned over to plaintiff by him, and his half-hand, for the years 1929, 1930, 1931, and 1932. From the total amount one-fourth was deducted for rent of the land, as per admitted contract, and the remainder was figured at 6 cents per pound. The evidence shows that during the entire period of time plaintiff furnished supplies to defendant and his tenants, on defendant's orders. No deductions of any kind for these supplies are shown on defendant's statement, and there is no claim by defendant that they were ever paid for.

Since defendant in reconvention claims judgment against plaintiff for the amount of credit alleged to be due him from the crop of 1929, 1930, 1931, and 1932, plaintiff in justice and law is entitled to show, if he can, that full credit has been given defendant and that he does not owe the amount claimed by defendant.

We have attempted to point out in this opinion what we consider the most serious errors committed in the trial of this case below, and in the interest of justice the judgment of the lower court is set aside, the case remanded to be tried de novo on its merits, in accordance with the views herein expressed; cost of appeal to be paid by defendant, appellee, and all other costs to await the final determination of the case.