McBRIDE, Judge.
This is the other of the consolidated suits which arose out of the automobile accident discussed in our opinion this day handed down in the case of Martin v. Mud Supply Company, Inc., La.App., 111 So.2d 375.
We are now concerned with the claim for damages resulting from bodily injuries sustained by Leon E. Lane, one of the hitchhikers, who was a minor. The suit was brought by his father appearing as plaintiff “for himself individually,” claiming medical expenses, and “for and on behalf of his minor son, Leon E. Lane” claiming damages for the minor’s personal injuries. Mud Supply Company, Inc., and Houston Fire & Casualty Insurance Company are named as defendants in solido.
On January 28, 1952, upon a resumption of the trial in the lower court, it developed that Leon E. Lane had attained the age of majority and the court ordered his substitution as party plaintiff in lieu of the father. The substitution appears from the record thus:
“By Mr. O’Neal: If the Court please, it is time, now, that Leon E. Lane be made a party plaintiff on his own behalf, because he has now reached the age of majority. This accident happened four (4) years ago, but he is now of the age of majority. Do you wish me to file a formal motion?
“By Mr. Bienvenu: If Your Honor please, we have no objection to substitution of the parties by oral motion.
“By the Court: All right, then; I will order that the substitution be made.
“By Mr. O’Neal: All right, sir. Then let the record show that that eliminates the father entirely, because he had no claim for expenses or anything of that nature, and any claim on his behalf is dismissed.”
At the trial’s conclusion judgment was rendered in favor of defendants and against the plaintiffs dismissing their suit. A de-volutive appeal was sought to be taken and an order of appeal was granted by the court, which appeal is now before us for consideration.
The petition for appeal was filed by E. E. Lane “for himself and on behalf of his minor son, Leon E. Lane, plaintiff,” and it is alleged “petitioner is aggrieved by the final judgment” etc., and he prayed for the devolutive appeal.
We are compelled to dismiss the appeal because the real party at interest is not before us. All interests of the father abated by reason of his son’s majority, and the court recognized this when the substitution was ordered. Even counsel for plaintiff took cognizance thereof and stipulated: “ * * * let the record show that that eliminates the father entirely * * E. E. Lane had not the right to champion the rights of his major son, who for aught we know might not have desired to take an appeal from the judgment.
 Damages for personal injuries to a minor belong to the child and not to his parent who brings the suit. Hanna v. Otis, 151 La. 851, 92 So. 360. Under LSA-C.C. art. 221 the father, who during the marriage is the administrator of the estate of his minor children, is authorized to bring a suit for damages for personal injuries sustained by his minor child, but the right to assert such claim exists only during the child’s minority and it ceases when the child arrives at the age of majority or becomes emancipated. The Supreme Court so held in the early case of Cleveland v. Sprowl, 12 Rob. 172, and reiterated that principle in Gault v. Pineland Naval Stores Co., 147 La. 501, 85 So. 219, 222, wherein it was stated:
“Frank Gault having become of age and now being a party plaintiff in the suit, the action of the mother *175 and father was necessarily abated. * * * »
Want of proper parties is a matter a reviewing court should notice sua sponte. Voelkel v. Succession of Aurich, 118 La. 525, 43 So. 151; Siragusa v. Illinois Cent. R. Co., 152 La. 745, 94 So. 376 (overruled on another point in Succession of Markham, 180 La. 211, 156 So. 225).
The appeal in this case is dismissed.
Appeal dismissed.