BARNETTE, Judge.
Two suits were filed by George Butler; one, individually against State Farm Mutual Automobile Insurance Company, bearing docket No. 76389 in the Twenty-Fourth Judicial District Court, and the other, individually and in the capacity of natural tutor for and on behalf of his minor daughter, Miss Pat Butler, against The Boston Insurance Company and Mrs. Melvin Shanks, bearing docket No. 76390. The two suits were consolidated for the purpose of trial and appeal.
The suit against State Farm Mutual Automobile Insurance Company, hereinafter referred to as State Farm, sought recovery under the medical payment provisions of a policy of liability insurance issued by State Farm to O. Thomas Dancy. Miss Butler was a passenger in the Dancy automobile. Dancy is not a party to these proceedings.
The suit against The Boston Insurance Company, hereinafter referred to as Boston, and its insured, Mrs. Melvin Shanks, seeks recovery of damages for personal injuries on behalf of Miss Butler. It also seeks recovery for Mr. Butler, individually, of hospital and medical expenses and loss of wages of his minor daughter, based on the negligence of Mrs. Shanks, whose automobile struck the Dancy automobile from the rear, injuring Miss Butler.
The negligence of Mrs. Shanks was admitted before trial, and the suit against her was dismissed with prejudice against Boston, who acknowledged liability. Therefore, the only issue for trial was the quantum of damages for the personal injuries of Miss Butler and the allowance of special damages for certain contested medical fees and loss of wages.
The judgment was in favor of George Butler, individually against Boston and State Farm each for $114 with interest and costs. Judgment was rendered in favor of George Butler, as natural tutor for the use and benefit of his minor daughter, Miss Pat Butler, against Boston in the sum of $2,250 with interest and costs.
From this judgment, plaintiff George Butler has appealed. He seeks an increase in the award for personal injuries to $5,000 and amendment of the judgment to allow recovery of $435, representing the bill of Dr. William K. Gauthier; $611.50, representing the bill of Metairie Hospital; and compensation for loss of wages, which, claims were rejected by the trial court.
At the outset we must observe-that the testimony reveals that Miss Butler was a minor at the time of the accident and on the date suit was filed in her behalf. She attained the age of 21 on November 14, 1964, and therefore was a major person at the time of trial and judgment below.. The pleadings were not amended, nor was Miss Butler substituted as a party plaintiff in suit No. 76390 in her own right. The want of right of action of Miss Butler’s, father, George J. Butler, to prosecute the-suit in her behalf or stand in judgment foi-lier was not made an issue. It is the duty of this court to take notice sua sponte of this. Damages for personal injuries to a minor child belong to the child, and the right of the parent to assert a claim for such damages exists only during minority and ceases upon emancipation or the child’s-attaining majority. The parent’s right having abated, he has no further interest in the-child’s claim, and the prosecution of the suit from that moment can only be pursued by the real party in interest. LSA-C.C.P. art. 681; LSA-C.C. art. 221; Odenwald v. W.J.B.W. Radio Station, 173 So.2d 830 (La.App. 4th Cir. 1965); Lane v. Mud Supply Co., 111 So.2d 173 (La.App.Orleans 1959).
Since the two suits were consolidated for trial, only one judgment was rendered. However, it bears both case titles and numbers properly and is rendered in two parts. Mr. Butler being the only plain *317 tiff in suit No. 76389 against State Farm and being a coplaintiff individually in suit No. 76890 against Boston, with the appeal having been perfected in both cases, we will treat Mr. Butler as a proper party appellant in this court.
As to Miss Pat Butler, we must hold that George J. Butler was without authority to appeal in her behalf and she is not before this court. The attempted appeal in her behalf will therefore be dismissed. Lane v. Mud Supply Co., supra.
The issues which the appeal of George J. Butler presents are the principal issues argued before us. They pertain to an increase in the allowance of special damages for medical expenses pleaded in both suits in identical amounts, and for loss of wages of Miss Butler, pleaded in suit No. 76390 against Boston. This opinion will be confined to those issues.
The accident in question happened on September 26, 1962, on the Airline Highway in Jefferson Parish. The Dancy automobile was stopped in obedience to a traffic light and was struck from the rear by a car driven by Mrs. Melvin Shanks, insured by Boston. The force of the impact caused Miss Butler to be thrown about rather violently in the automobile with resultant injury. She was taken to the Ochsner Clinic and examined by Dr. Edward Schech-ter, an orthopedist, who testified:
“The patient had a superficial abrasion of the right side of her neck, several small abrasions on her legs; there was some guarding with attempted full range of motion of her neck; examination of the abdomen also revealed some muscle guarding, and there was some tenderness over the abdominal wall. Those are the essential positive findings; others would be negative findings, normal findings.”
She was not hospitalized and returned for further examination on October 2, 1962. No specific treatment was rendered on that date for the cervical sprain. The doctor’s attention at that time was directed more to her abdominal complaints; her neck did not then seem to be causing her discomfort. His diagnosis was: “Moderate cervical and lumbosacral strain and multiple abrasions.”
Miss Butler was seen again by Dr. Schechter on October 18. She complained of facial lesions (commonly called acne), insomnia, and menstrual irregularity. A tranquilizer was prescribed, and it was recommended that she be seen by an internist or a gynecologist. Appointments were set up for her accordingly, but she failed to keep them. Dr. Schechter’s report of November 2 was to the effect that “the patient was doing quite well following her injury, and a lot of the above complaints could not be directly traced to her injury.” The bill for the services of Dr. Schechter and Ochsner Clinic was in the amount of $114.
Thereafter Miss Butler was seen by Dr. John C. Thorn on November 1.4; Dr. Murphy John St. Romain, Jr., November 21; and Dr. William K. Gauthier on November 23, 1962. The examinations of Drs. Thorn and St. Romain were pelvic. Dr. Thorn found a third-degree retrodisplacement of the uterus and complaints of abdominal pains. He prescribed a pessary to correct the uterus displacement. Dr. St. Romain’s report was essentially negative.
Dr. Gauthier expressed the opinion that there was a causal connection between the nervous condition and abdominal complaints and the accident. He testified in part as follows:
“The patient gave no evidence of having epigastric symptoms prior to the accident. Now, the fact that she did have symptoms subsequent to the accident, considering the amount of pain that this patient had and, considering the: nervous state this patient was in when I saw her some three to four weeks following the accident, made me feel and still makes me feel that there was enough emotional disturbance as a result of the pain and as a result of the whiplash injury, plus the emotional up-set to produce this hyperacidity, which caused the probable *318 pyloric spasm and the subsequent muscle spasm and the epigastrium, which radiated into the lower quadrants.”
Miss Butler was hospitalized in Metairie Hospital under Dr. Gauthier’s treatment from November 23 to December 12 and remained under his treatment as an outpatient until March 12, 1963
On August 6, 1963, due to continuing menstrual irregularity, Miss Butler had Dr. Sidney C. Knight examine her female organs. His report was negative.
Defendants opposed Dr. Gauthier’s bill for $435 and the Metairie Hospital bill for $611.50, and the court rejected plaintiff’s claims for these items, holding that the complaints for which these services were rendered were from causes not related to the accident of September 26, 1962.
We have carefully considered all the testimony in the record. No useful purpose would he served by reference to Miss Butler’s personal life and habits. These, no doubt, had significant bearing upon the trial judge’s opinion that the complaints for which she was treated by Dr. Gauthier (and about which he testified in detail) were not related to the accident of September 26, 1962. This is strictly a factual question. There was no apparent abuse of discretion and no manifest error in the factual conclusion of the trial judge.
The trial judge found, and we think correctly, that Miss Butler received a cervical and lumbosacral sprain and that it continued for some time after her discharge by Dr. Schechter. There was some pain and discomfort, which probably persisted with decreasing severity for several weeks with no disabling effect. The extent of her disability was minimal, and there is insufficient proof of loss of wages to justify a special award for this item.
There is no dispute over the allowance of special damage of $114 to Mr. Butler against State Farm under the medical coverage provisions of its insurance of Mr. Dancy and against Boston under its liability coverage of Mrs. Shanks.
The judgment of June 29, 1965, in these consolidated cases, insofar as it is in favor of George Butler against State Farm Mutual Automobile Insurance Company in the amount of $114 with judicial interest and costs in suit No. 76389, and insofar as it is in favor of George Butler against The Boston Insurance Company in the amount of $114 with judicial interest and costs in suit No. 76390, is affirmed.
The appeal of George Butler on behalf of Miss Pat Butler is dismissed.
Costs of this appeal shall be paid by appellant.
Affirmed in part; appeal dismissed in part.