484 So.2d 761 (1986)
Nolan FREYOUX, et al.
v.
ESTATE OF Leo J. BOUSEGARD, et al.
No. 84CA1228.
Court of Appeal of Louisiana, First Circuit.
February 25, 1986.
Wilson M. Montero, Jr., Metairie, for plaintiff-appellant.
L. Albert Forrest, Roy & Forrest, New Iberia, for defendant-appellee.
Before LOTTINGER, COLE and CRAIN, JJ.
CRAIN, Judge.
This is an appeal from a judgment of the trial court in favor of defendant, State Farm Mutual Automobile Insurance Company (State Farm).
While driving his automobile on April 14, 1977, at 1:15 p.m. Leo J. Bousegard suffered a heart attack which immediately rendered him unconscious and subsequently caused his death. As a result of Bousegard's unconscious state his automobile veered into the left lane of traffic and struck an oncoming motor vehicle driven by Rose Freyoux.
Mrs. Freyoux, Mr. Freyoux and Gayle Ann Edwards, a guest passenger of the Freyoux vehicle, instituted this action against the Estate of Leo J. Bousegard and his insurer, State Farm. Before trial plaintiffs dismissed the action against the insured, reserving their rights against State Farm.
In oral reasons for judgment the trial court found, and it was uncontested, that Bousegard had suffered a heart attack while driving and was immediately rendered unconscious. As a result, the vehicle veered across the center lane, struck the Freyoux vehicle head on, causing the alleged injuries to plaintiffs. Two months prior to the accident Bousegard had undergone a physical examination at which time he was found to be free of heart disease or *762 problems which could incapacitate him from safely operating a motor vehicle. Citing Martino v. Aetna Casualty and Surety Co., 351 So.2d 204 (La.App. 4th Cir. 1977), writ denied, 353 So.2d 1048 (La. 1978) the trial court held that the heart attack and resulting unconsciousness was unforeseeable, therefore, no liability was attributable to the insured. The suit was dismissed against State Farm on the basis that since the insured was not liable to plaintiffs as provided in the insurance contract, neither was State Farm.
From the judgment, plaintiffs appeal. The only issue on appeal is whether Bousegard's defense is personal to the insured and thus cannot be raised by State Farm as a defense to this action.
Plaintiffs argue that as a matter of public policy State Farm should not be able to assert the insured's defense to this litigation citing Ruiz v. Clancy, 182 La. 935, 162 So. 734 (1935); Messina v. Societe Francaise de Bienfaissance et D'Assistance Mutuelle de la Nouvelle Orleans, 170 So. 801 (La.App. Orleans 1936); Harvey v. New Amsterdam Casualty Co., 6 So.2d 774 (La. App. Orleans 1942).
In the line of cases cited by plaintiffs the insurer, for public policy reasons, was not allowed to raise the insured's defense of immunity from suit. The causes of action in the cited cases arose from the alleged negligence of the insured. Accordingly, the insured would have been legally liable for the damages except for a statutory procedural bar. The case before us is completely different. This cause of action did not arise from the negligence of the insured and consequently the insured never had any legal liability. Plaintiffs seek to recover on the basis of the insured's moral obligation to compensate plaintiffs.
"An insurance policy is a contract between the insured and insurer and as such has the effect of law between the parties." Smith v. Western Preferred Casualty Co., 424 So.2d 375, 376 (La.App. 2d Cir.1982), writ denied, 427 So.2d 1212 (La.1983). Insurance contracts are subject to the same rules of interpretation as other written contracts. Where the contractual language is clear and unambiguous the insurance contract is enforced as written. Travelers Insurance Co. v. Blanchard, 431 So.2d 913 (La.App. 2d Cir.1983). It is well settled that an insurer is entitled to contractually limit his liability in terms of degrees of exposure and maximum amounts so long as these contractual provisions are not in conflict with the law or public policy. Cataldie v. Louisiana Health Service and Indemnity Co., 433 So.2d 367 (La.App. 3d Cir.1983), affirmed, 456 So.2d 1373 (La.1984).
The insurance policy in effect between State Farm and Boudegard provides that State Farm shall pay "on behalf of the insured all sums which the insured shall become legally obligated to pay as damages." (Emphasis ours) The insured here never became legally obligated to pay any damages for injuries which occurred as a result of the accident. The contract will be enforced as written.
The judgment of the trial court is affirmed. Appellant to pay all costs.
AFFIRMED.