491 So.2d 73 (1986)
Dennis TERREBONNE
v.
STATE FARM FIRE AND CASUALTY CO.
No. 85 CA 0585.
Court of Appeal of Louisiana, First Circuit.
June 24, 1986.
*74 Robert Morlas Schoenfeld, New Orleans, for plaintiff-appellant Dennis Terrebonne.
Christopher H. Riviere, of Porteous, Hainkel, Johnson & Sarpy, Thibodaux, for defendant-appellee State Farm Fire and Cas. Co.
Before LOTTINGER, CRAIN and PONDER[*], JJ.
CRAIN, Judge.
The plaintiff, Dennis Terrebonne, appeals the trial court's rejection of his claims for damages against the defendant, State Farm Fire and Casualty Co. (State Farm). For the reasons set forth below, we affirm.

FACTS
The facts of this case are simple and undisputed. Dennis Terrebonne's father was building a small boat in his backyard. On September 17, 1982, while temporarily assisting his father with the boat, Dennis injured his back when he attempted to lift a large railroad jack. He suffered a herniated disc and had to undergo surgery. He has sustained permanent disability. At the time of the injury Dennis was 38 years old and lived in a separate residence from his parents.
Dennis sued State Farm, his parent's homeowner's insurer, alleging that his father was negligent in not helping him move the jack. Alternatively, he alleged that State Farm was liable under the terms and conditions of its policy, regardless of his father's negligence. After trial, the lower court found that the father was not negligent. The court further held that in the absence of negligence or fault on the father's part, the accident was not covered under the terms of the insurance policy. On this appeal, plaintiff does not question the trial court's finding that his father was free from fault.

LIABILITY
The sole issue on appeal is, as the plaintiff has framed it, "Whether or not the defendant, ... can be liable under its policy as written, regardless of the absence of negligence on the part of the insured." Essentially, plaintiff makes two arguments: (1) the language of the policy provides coverage for the accident and (2) alternatively, the terms and conditions of the policy are ambiguous and should be construed in plaintiff's favor.
The policy in question is a standard form homeowner's policy issued by State Farm. The particular language in question is set forth under the personal liability coverage of the policy which provides: "This Company agrees to pay on behalf of the Insured all sums for which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence." Under the definitions section, the term "occurrence" is defined as follows: "[o]ccurrence means an accident, including injurious exposure to conditions, which result, during the policy term in bodily injury...."
Plaintiff contends that this language means that if any occurrence happens, i.e. an accident resulting in bodily injury, then the insured shall become legally obligated *75 to pay damages and that State Farm has agreed to assume the obligation. In other words, State Farm's obligation to pay damages is not contingent upon, nor determined by whether or not the law would find the insured delictually responsible. By agreement, if an accident happens, State Farm pays. According to plaintiff the phrase, "shall become legally obligated", only means that the collection of damages is enforceable in a court of law. Plaintiff points out that the phrase "legally obligated" is not defined in the policy, and that the only applicable exclusion is an intentional tort. He argues that the defendant did not exclude injuries that occur without negligence. He further contends that State Farm is free to contract in any manner it chooses, and there is no public prohibition against it contracting for such a result.
State Farm of course, contends that the phrase "for which the insured shall become legally obligated" means that the insured must be proven guilty of some type of delictual act or legal fault, relying in part on the case of Musmeci v. American Automobile Insurance Co., 146 So.2d 496 (La. App. 4th Cir.1962).
"Insurance contracts are subject to the same rules of interpretation as other written contracts." Freyoux v. Estate of Bousegard, 484 So.2d 761, 762 (La.App. 1st Cir.1986). When interpreting a contract, its words must be given their generally prevailing meaning. La.C.C. art. 2047. When they are clear and explicit and lead to no absurd consequence, no further interpretation is to be made. La.C.C. art. 2046. Miller v. Duthu, 470 So.2d 500 (La.App. 1st Cir.1985), writ denied, 474 So.2d 1310 (La.1985).
The clause in question is clear and explicit.[1] The generally prevailing meaning of legally obligated or a legal obligation is defined as "[a] duty imposed by law....", Black's Law Dictionary, 806 (5th ed. 1979). It is axiomatic that in this state, in regard to personal injuries, there is no duty imposed by law without some type of legal fault. La.C.C. art. 2315. Accepting plaintiff's interpretation would ignore this generally prevailing meaning of the term "legally obligated", and find that the parties agreed that the defendant would insure all persons on the insured's premises without regard to legal liability.
The meaning to be given the clause is suggested by the policy as a whole and can be discerned when viewed in the light of other provisions. La.C.C. art. 2050. The medical payment coverage portion of the policy was listed immediately after the personal liability coverage clause. It binds the defendant to pay, with certain exceptions, medical expenses for bodily injury caused by an accident on the premises. The phrase "legally obligated" is conspicously absent from this coverage.[2] The obvious reason it was left out is that State Farm did intend, in fact, to make medical payments, in limited amounts, without regard to any duty imposed by law.[3] Presumably, if it had intended this same result in its personal liability coverage, it would have used similar language to that used in its medical payment coverage and left out the phrase "legally obligated".
Likewise, State Farm agreed to provide a legal defense for suits brought pursuant to the personal liability coverage. There is no explanation why State Farm would agree to defend the insured against a suit that according to plaintiff it was "legally obligated" to pay.
Addressing plaintiff's remaining contention, we are unable to find any ambiguity in this clause. To endorse plaintiff's contentions *76 of ambiguity, we would have to engage in sophistry, an undertaking of the sort which this court has consistently refused to embark upon. See, Leonard, Tutrix of Bland v. Continental Assurance Co., 457 So.2d 751 (La.App. 1st Cir.1984), writ denied, 460 So.2d 1047 (La.1984).
This appeal lacks merit. Accordingly, we affirm the decision of the lower court. Plaintiff-appellant to pay all costs.
AFFIRMED.
NOTES
[*] Judge Elven E. Ponder, Retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the election of Justice Luther F. Cole to the Supreme Court.
[1] Although not in the same factual context, we recently interpreted this same language and found that delictual liability was required on the insured's part before the insurer could be held liable. Compare Freyoux, 484 So.2d at 762.
[2] The coverage section reads in part, "[State Farm] agrees to pay all reasonable medical expenses, incurred ... for each person who sustains bodily injury ... caused by an accident, while such person is ... on an insured premises...."
[3] Medical payment coverage limits were set at $2,000.