550 So.2d 936 (1989)
William G. MATTHEWS, et al., Plaintiffs-Appellees,
v.
STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, Defendant-Appellant.
No. 88-623.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1989.
Brinkhaus, Dauzat, Peter Caviness, Opelousas, for plaintiffs/appellees.
Roy, Forrest, Albert Forrest, New Iberia, for defendant/appellant.
Before STOKER, DOUCET and YELVERTON, JJ.
STOKER, Judge.
This case involves obligations owed within a family arising out of commission of a tort by certain minor members resulting in personal injury to another minor member. The minor, Jeffrey Lynn Matthews, sustained injury from a faulty air rifle (BB gun). The trial court found Jeffrey's two minor brothers and a minor cousin were at fault. William G. Matthews, Jeffrey Lynn's father, brought suit on behalf of Jeffrey in his representative capacity as administrator of Jeffrey's estate. William G. Matthews individually sought damages for medical expenses. The suit was filed against State Farm & Casualty Insurance Company (State Farm).
The accident took place at the home of Jeffrey Lynn Matthew's grandparents, *937 Charles and Mary Ida Matthews. State Farm is the homeowners insurer of Charles and Mary Ida Matthews and also of Linda Faye Matthews Eliser. The latter is the mother of one of the three minors at fault, Keith Eliser. The other two minors at fault, brothers of Jeffrey Lynn, are William Joseph and Brian Keith. The relationships may be charted as follows:
 CHARLES AND MARY IDA MATTHEWS (Grandparents)
 |
 |
 ----------------------------------
 | |
 | |
Willaim G. Matthews Linda Faye Matthews Eliser
 | |
 | |
 | |
 Willaim Joseph Matthews Tony Eliser
 Brian Keith Mattews Keith Matthew Eliser
 Jeffrey Lynn Matthews
State Farm answered plaintiff's suit by way of general denial, but later amended its answer and filed a third party demand against plaintiff's insurer, Minnehoma Insurance Company (Minnehoma). State Farm alleged in its answer that the plaintiff was at fault in causing Jeffrey's injuries and that this fault would bar recovery. In the alternative, it was asserted that if it should be determined that Jeffrey's minor brother, Brian, was at fault in causing Jeffrey's injuries, then State Farm would be entitled to a complete setoff against plaintiff's claims because Brian's conduct would be imputed to plaintiff. The demand against Minnehoma for indemnification or contribution was subsequently dismissed by way of a motion for summary judgment filed by Minnehoma. The motion for summary judgment was granted on the basis of a policy provision excluding coverage.
After trial on the merits, the trial court found that neither plaintiff nor Jeffrey was at fault; nor was Mary Ida Matthews. The trial court apportioned fault equally (1/3 each) among Jeffrey's two minor brothers, William Joseph and Brian Keith, and his minor cousin, Keith Matthew Eliser. Accordingly, Mrs. Eliser was found to be vicariously liable for the tortious conduct of her minor child; thus, State Farm was liable for plaintiff's and Jeffrey's damages. The trial court awarded $75,000 in general damages, future medicals of $3500, and past medicals. The amount of past medicals awarded to plaintiff individually was reduced by the 66 2/3 percent fault attributable to plaintiff's minor sons, William and Brian.
State Farm has appealed the judgment of the trial court only insofar as it fails to reduce the general damage award to Jeffrey of $75,000 by the 66 2/3 percent fault attributable to plaintiff's two minor sons. Defendant argues that it should not be cast in judgment for 100 percent of the award and is entitled to a reduction based upon the doctrine of confusion. Plaintiff has answered the appeal. Plaintiff asserts as error the factual findings concerning the fault of his two minor sons and the lack of fault on the part of Mary Ida Matthews. The plaintiff asks that these findings be reversed and that the judgment be maintained in all other respects.

FACTS
On the evening of January 19, 1986, 9-year-old Jeffrey was shot in the eye by his brother, 10-year-old Brian, while playing at their grandparents' home in Prairie Rhonde in St. Landry Parish. The BB gun had been left at the Matthews' home by Keith Eliser, the boys' 12-year-old cousin. Earlier in the week Keith had been given the gun by a young friend, and he had brought it with him to his grandparents' house. On the day preceding the accident, William Joseph, Tony Eliser and Keith Eliser had practiced shooting at targets placed in the yard using William's BB gun and Keith's BB gun. Keith's gun failed to discharge BBs when shot, so William and Tony attempted to work on it to correct the problem.
*938 Mrs. Eliser and her sons left the Matthews' home around 12:00 noon on Sunday the 19th to return to their home in Metairie. After they left, William Joseph Matthews discovered that they had left Keith's gun behind on a picnic table under the carport. Neither William nor Mrs. Matthews put the gun away for safekeeping. Later that day, plaintiff arrived at his mother's home with Jeffrey and Brian for a visit and to pick William up. Shortly after their arrival, William emptied the BBs out of the gun and left it on the picnic table. While the family visited indoors, Jeffrey and Brian played outdoors. Jeffrey came in, in obvious distress, and told his parents that he had been hit in the eye with a rock while playing.
After plaintiff and his family returned home, Jeffrey became quite ill and only then did he tell his parents that he had been shot with the BB gun. Brian admitted that he had been playing with the gun, but that he thought the gun was empty since nothing came out when he fired it. However, the accident occurred when the gun did fire and Brian shot it just as Jeffrey walked out from behind an automobile into the path of fire and was struck in the eye by a BB.
Jeffrey was treated immediately for his injury, nevertheless he has sustained permanent damage to his eye as a result of the accident.

NEGLIGENCE
In its appeal State Farm makes no challenge to the factual findings or the percentage allocation of negligence made by the trial court. State Farm's appeal addresses solely the question of reduction of the judgment on the ground of confusion.
In plaintiff's answer to the appeal, William G. Matthews raises three issues involving negligence: (1) failure to find the grandmother, Mary Ida Matthews, at fault, (2) failure to find William Joseph Matthews and Brian Keith Matthews not at fault, and (3) failure to find Linda Faye Matthews Eliser strictly liable under LSA-C.C. 2317 rather than liable for negligence under LSA-C.C. 2315. (We find it unnecessary to consider this latter issue.)
The assessment of fault against Keith Matthews Eliser is not before us as it was not appealed by State Farm.
The trial court found that the BB gun in question was defective, but that Mary Ida Matthews was unaware that the gun was at her home until after the Elisers departed and that she was unaware of its malfunctioning nature. Charles Matthews was away from home during the entire time that the events described above occurred. The court found that 16-year-old William Joseph Matthews was capable of discernment, understanding the dangerous nature of guns, that he furnished the BBs used in the gun and that he knew that it malfunctioned. On the other hand, the court found that 10-year-old Brian's capacity for discernment was doubtful, but that he was negligent in his actions with regard to the gun.
We cannot say that these findings are clearly wrong. William was knowledgeable about guns and had been trained in their use by his father, the plaintiff. William knew that this particular gun malfunctioned. William did not leave his own BB gun out and should have exercised better judgment concerning the offending gun, although it did not belong to him. Young Brian had not been allowed by his parents to handle guns and he too knew that this particular gun malfunctioned. Brian carelessly played with the gun knowing he was not allowed to handle them and being untrained in the use of them.
We find no error in the trial court's findings.

REDUCTION OF THE JUDGMENT
State Farm argues that it is entitled to a reduction of the judgment in favor of plaintiff, on behalf of Jeffrey, because 2/3 of the judgment is extinguished by confusion. State Farm has not appealed the factual findings of the trial court or the amount of general or special damages awarded.
State Farm contends that William G. Matthews stands before the court as both *939 judgment creditor on behalf of Jeffrey and judgment debtor on behalf of William Joseph and Brian, therefore under LSA-C.C. art. 1903, 2/3 of the debt (judgment) is united in the same person and thus became extinguished by confusion. We disagree.
The true plaintiff in this case is Jeffrey Lynn Matthews and the damages belong to him, not to his father. LSA-C. C.P. art. 683; Lane v. Mud Supply Co., 111 So.2d 173 (Orl.App.1959). See Deshotel v. Travelers Indemnity Company, 257 La. 567, 243 So.2d 259 (1971). Absent any finding of fault on the part of Jeffrey, any award made to him, whether personally or through his father, may not be reduced. LSA-C.C. art. 2323; McFarland v. Industrial Helicopters, Inc., 502 So.2d 593 (La.App. 3d Cir.1987). The trial court found no negligence on Jeffrey's part in the cause of his injury. This finding was not appealed.
Jeffrey, through his father, elected to sue only State Farm as the insurer of Charles and Mary Matthews and Linda Eliser. William Joseph, Brian and Keith were found to be joint-tortfeasors. Linda is vicariously liable for the torts of her minor son, Keith, LSA-C.C. art. 2318; thus State Farm is liable as her insurer. Persons whose concurring fault has caused injury are answerable, in solido. LSA-C.C. art. 2324. State Farm is liable, in solido, with plaintiff, as administrator of the estates of William Joseph and Brian; however, plaintiff has not been cast in judgment. Under LSA-C.C. art. 1795, Jeffrey, through his father, may demand the whole of his damages from State Farm and State Farm may not request division of the debt. We find no error in the trial court's judgment casting State Farm for 100 percent of Jeffrey's damages.
State Farm could have obtained relief by way of a separate action or third party action for contribution against William G. Matthews, as administrator of the estates of William Joseph and Brian; however it chose not to. Defendant's argument that LSA-R.S. 9:571 would bar such an action is without basis in the law and jurisprudence. See Walker v. Milton, 263 La. 555, 268 So.2d 654 (1972).
For the reasons stated herein, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant-appellant.
AFFIRMED.