GONZALES, Judge.
This is an appeal from a judgment dismissing plaintiffs’ suit against defendant Hartford Casualty Insurance Company on a motion for summary judgment.
The procedural background of this case is somewhat complex. The following recitation is taken from a previous opinion of this court written by Judge Savoie (Continental Casualty Insurance Company et al. v. RAS Management Co., Inc. et al., 90 CA 0544 (La.App. 1st Cir. June 27, 1991) (unpublished opinion).
On July 18, 1979, plaintiffs Continental Casualty Insurance Company and its insured, Roy Schnebelan and Associates d/b/a Acadia Park Apartments, filed suit to recover property damages sustained due to a fire in an apartment complex owned by Schnebelan. Named as defendants were: Marshall Ashwell, Jr., occupier of the apartment where the fire originated [Ash-well]; Offshore Helicopters, Inc. [Offshore], Ashwell’s employer; RAS Management Company, Inc., the manager of the apartment complex; and Lumbermen’s Mutual Casualty Company, RAS’ insurer.[1]
Offshore filed an exception of no cause of action on November 20, 1979, contending that the plaintiffs’ petition failed to state any cause of action as to Offshore because the allegations failed to show any actionable negligence. On January 4, 1980, the trial judge sustained the exception of no cause of action and dismissed the plaintiffs’ petition as to Offshore with prejudice. In conjunction with the judgment the trial judge issued written reasons for judgment where he stated that the only allegation in the petition concerning Offshore was that Offshore paid the monthly rent for the apartment its employee, Ash-well, occupied; the fire began in Ashwell’s apartment. According to the judge’s reasons, although no allegations of actionable negligence had been set forth against Offshore, the judge believed that several legal theories existed upon which recovery could be had against Offshore. He listed them as follows:
(1) On the theory of an intentional tort had been committed by defendant [Offshore], either acting alone, or in concert with defendant Marshall Page Ashwell, Jr., or
(2) On the theory of negligence by Offshore Helicopters, Inc. alone, or as a joint tort feasor acting in concert with the same named defendant, Marshall Page Ashwell, Jr., or
(3) Under the doctrine of respondeat superior, as the employer of Marshall Page Ashwell, Jr., while the said Ashwell was engaged in the course and scope of his employment for Offshore Helicopters and while so employed was negligent. On October 3, 1980, the trial judge
signed an order allowing plaintiffs to file an amended petition which included the following allegations as to Offshore. Plaintiffs alleged that Offshore provided the apartment to its employee to facilitate its business operations by having its employee lodged in close proximity to its major work locales. Plaintiffs alleged that while Ash-well occupied the apartment in which the fire started, he was in the course and scope of his employment with Offshore and was subject to its immediate call and under its control. Plaintiffs further alleged that the negligence of Ashwell was imputed to Offshore based on respondeat superior. Plaintiffs then stated that Offshore was guilty of the following acts of negligence:
(A) Failure to properly inspect and maintain the previously-described apartment which it had leased;
(B) Failure to discover an inherently dangerous condition on its leased premises, which condition was brought into *747 being by the reckless, illegal, and negligent actions of its employee;
(C) Failure to warn its lessor of the above-described inherently dangerous condition created by the actions of its employee, knowledge of said actions and said condition being imputed to Offshore Helicopters, Inc., through its agent and employee, Marshall Page Ashwell, Jr.;
(D) Allowing a person to occupy the premises which it had leased who was not a careful, responsible, prudent, and law-abiding citizen, while knowing of such condition and while having the responsibility and right to determine who could occupy said premises under its lease;
(E) Failure to order and direct its employee to remove the cause and source of the previously-described inherently dangerous condition;
(F) Generally failing to abide by the terms of the contract of lease with regard to care and maintenance of the premises of the apartment, and failing to act as a reasonable, responsible, and prudent lessee; and
(G) Any and all other acts of negligence which may be proven at the trial of this case or which may be discovered prior thereto.
[[Image here]]
Plaintiffs again amended their petition on June 5, 1989, to add Hartford Casualty Insurance Company [Hartford] as a defendant. Hartford was alleged to be Offshore’s insurer and to therefore provide coverage for Ashwell’s negligence. Hartford and [Offshore] filed an exception of res judicata on July 12, 1989. On September 7, 1989, the trial judge signed a judgment which denied the exception “as filed on behalf of Hartford_” Then on November 30, 1989, the trial judge granted the exception as to Offshore and Hartford to the extent it insured Offshore and denied it as [to] Hartford to the extent it insured Ashwell. From this judgment, plaintiffs appeal, raising as error the trial judge’s action in sustaining the peremptory exception of res judicata as to Offshore and Hartford.
In the above quoted opinion dated June 27, 1991, this court then went on to affirm the judgment dismissing Offshore and to reverse the judgment dismissing Hartford as Offshore’s insurer. Although this court found that the trial court erred in sustaining the res judicata exception as to both defendants, it affirmed the dismissal of Offshore based on a second error made by the trial court. That is, this court found that the trial judge had no authority to allow plaintiffs to file their first amended petition ■ against Offshore almost nine months after having dismissed plaintiffs’ suit with prejudice.
As required by La.C.C.P. art. 934, the trial court’s January 4, 1980 judgment sustaining Offshore’s exception of no cause of action should have included an order to plaintiffs to amend their petition to cure the defect by adding allegations of Offshore’s negligence. When the trial court failed to do so, plaintiffs’ remedy was to file a motion for a new trial or to appeal because the judgment sustaining the exception of no cause of action constituted a final judgment. Plaintiffs did not take either course of action; thus, this court found that the trial court had no authority to allow the filing of the first amended petition against Offshore almost nine months later. Consequently, plaintiffs were left with an action against Hartford and no claims of liability against Offshore.
Following this court’s June 27, 1991 opinion, Hartford filed a motion for summary judgment in the trial court seeking its dismissal from this action as the insurer of Offshore. The trial court rendered judgment in favor of Hartford on May 6, 1992 concluding that “plaintiffs have no cause of action against [Hartford] because its insured, [Offshore], has no liability to the plaintiffs.” The trial court rendered no additional written reasons with the judgment. It is from this judgment that plaintiffs appeal.
Plaintiffs contend that the trial judge erred in granting summary judgment in favor of Hartford as Offshore’s insurer. It is plaintiffs’ position that Offshore is not an indispensable party to this action, that the dismissal of Offshore does not require the *748 dismissal of Hartford because Offshore’s dismissal was not based on a finding of Offshore’s freedom from fault, and that genuine issues of material fact exist as to the nature of the coverage of Hartford’s policy.
The court agrees that the presence of Offshore as a defendant in this action is not necessary to maintain the suit against Offshore’s insurer, Hartford. Under the version of the Direct Action Statute in effect at the time this action was commenced,[2] a plaintiff was allowed to proceed “against the insurer alone, or against both the insured and insurer jointly and in solido.” La.R.S. 22:655 (pre-1988 version). Thus, plaintiffs’ pursuit of claims against Hartford alone is not improper.
However, regardless of whether an action is brought against an insurer alone or against the insurer and its insured, the liability of the insurer is premised on a finding of liability of the insured. See Terrebonne v. State Farm Fire and Cas. Co., 491 So.2d 73 (La.App. 1st Cir.1986). As earlier noted, the record in this case contains no allegations of liability against Offshore. Although plaintiffs attempted to add allegations against Offshore based on respondeat superior and negligence, this court has specifically found that the trial court erred in allowing plaintiffs to file the second amended petition.
Therefore, plaintiffs are precluded from proving liability of Hartford because they have been precluded from proving the liability of Offshore.[3] Accordingly, the trial court correctly granted summary judgment in favor of Hartford based on its conclusion that “plaintiffs have no cause of action against [Hartford] because its insured, [Offshore], has no liability to the plaintiffs.”
For the reasons assigned herein, the judgment of the trial court is affirmed; all costs of this appeal are to be borne by appellant.
AFFIRMED.

. RAS was dismissed from the lawsuit after it was granted a motion for summary judgment; Lumbermen’s Mutual Casualty was voluntarily dismissed from the lawsuit by the plaintiffs.

. Plaintiffs’ original petition in this action was filed on July 18, 1979.

. This court's prior holding that allegations of Offshore’s negligence were impermissibly allowed by the trial court has the same effect as a timely objection to the introduction of evidence which raises issues not contained in the pleadings. If new issues are raised without timely objection, La.C.C.P. art. 1154 provides that the new issues "shall be treated in all respects as if they had been raised by the pleading.” However, when a timely objection is made to the newly raised issues, the trial judge has the discretion to deny amendment of the pleadings. Boudreaux v. Terrebonne Parish Police Jury, 477 So.2d 1235 (La.App. 1st Cir.1985), writ denied, 481 So.2d 133 (La.1986). "[S]uch amendments should not be allowed if the amendments would add issues not already pled.” L & R Leasing Co. v. Allstate Ins. Co., 561 So.2d 1011, 1014 (La.App. 4th Cir.1990).