634 So.2d 19 (1994)
Kevin Wayne DUFRENE, Individually and as Administrator of the Estate of his Minor Son, Jon-Eric Dufrene, and Delilah Dufrene
v.
Henry B. DUNCAN, Jr., Alice Duncan and State Farm Fire and Casualty Insurance Company.
No. 93 CA 0403.
Court of Appeal of Louisiana, First Circuit.
March 11, 1994.
*20 Dennis A. Pennington, Baton Rouge, for plaintiffs-appellants Kevin Wayne Dufrene, et al.
Phil E. Miley, Baton Rouge, for defendant-appellee Henry B. and Alice Duncan.
W. Marvin Hall, Metairie, for defendant-appellee State Farm Fire & Cas.
Before WATKINS, SHORTESS and FOGG, JJ.
FOGG, Judge.
This is a dog-bite case. Issues on appeal concern comparative fault, insurance coverage, and legal interest. We amend, and as amended, affirm.
Kevin Wayne Dufrene, individually and as administrator of the estate of his five-year-old son, Jon-Eric, and Delilah Dufrene filed suit seeking damages for the injuries their son sustained when bitten by two Labrador retrievers on March 21, 1989, while in the backyard of neighbors. Named as defendants were Henry B. Duncan, Jr., and Alice Duncan, the dogs' owners; Jo James Henry, the owner of the property which was leased to the Duncans;[1] and State Farm Fire & Casualty Company, the rental dwelling insurer of Mrs. Henry.
Following a trial, the judge issued written reasons for judgment. He found that the Duncans were strictly liable under La.C.C. art. 2321 and that Mrs. Henry was not strictly liable under La.C.C. art. 2317. He found that the Duncans were liable for $3,000 in damages plus $607.95 in medical expenses. Judgment was rendered in conformity with these reasons for judgment.
Pursuant to a motion for new trial filed by the Duncans,[2] the judge reviewed the issues of victim fault and third party fault as to the *21 Duncans' strict liability. He issued written reasons for judgment finding that Jon-Eric was not at fault because of his young age and that Mrs. Dufrene was comparatively negligent in her supervision of Jon-Eric. He assessed her with fifty percent of the fault and reduced the amount of general damages from $3,000 to $1,500. He vacated the earlier judgment and signed a new judgment, awarding the plaintiffs $1,500 in damages plus $607.95 in medical expenses and dismissing the plaintiffs' demands against State Farm and Mrs. Henry. From this judgment, the Dufrenes appeal.
According to the testimony, the Dufrenes' house was across the street from the Duncans' house. On the morning of March 21, 1989, Jon-Eric was playing with his siblings and the Duncans' children under the Duncans' carport and in their driveway area. Mrs. Dufrene testified that she had given her children permission to go to the Duncans' house, but told them to stay in the driveway area. She testified that she was watching her children while sitting in front of her picture window sorting through papers. According to Mrs. Dufrene, within a fifteen minute span, all the children were gone; for five minutes, she had not looked at them because she was occupied with sorting papers. Jon-Eric had gone into the Duncans' backyard (which was out of Mrs. Dufrene's view) either by going through the Duncans' house or going around the house on the outside. The Duncans kept their dogs in an area of the fenced backyard which was enclosed by a second fence which was six to eight feet high. This enclosure surrounded a swimming pool area where the dogs were kept. Apparently the gate to the pool area was unlocked. While in the backyard, Jon-Eric was attacked by the dogs; either Jon-Eric went into the second fenced area where the dogs normally were or the dogs were out of that area and he encountered them in another part of the backyard.
Jon-Eric sustained three lacerations to the back of his scalp, one which was three and one-half to four inches long, and the other two which were one to two inches long; an abrasion and contusion to his right cheek; and an inner puncture wound to his upper lip. The lacerations required stitches, but they healed well and left no obvious scarring or emotional damage.
The trial judge found that Mrs. Dufrene did not adequately supervise Jon-Eric; he reasoned that although she instructed her son to stay in the Duncans' front yard and supervised his play, she failed to notice that he had gone into the backyard. The plaintiffs contend that this finding is manifestly erroneous. We need not decide whether the factual finding of comparative negligence was manifestly erroneous because as a matter of law the trial judge could not reduce the general damages awarded to Jon-Eric because of the fault of his mother. The damages belong to Jon-Eric and not to his parents;[3] therefore, any award made to him, whether personally or through his father, cannot be reduced, absent any finding of fault on the part of Jon-Eric. Matthews v. State Farm Fire and Casualty Insurance Company, 550 So.2d 936 (La.App. 3d Cir. 1989); Mayer v. Tulane Medical Center, 527 So.2d 329 (La.App. 4th Cir.1988); McFarland v. Industrial Helicopters, Inc., 502 So.2d 593 (La.App. 3d Cir.1987). Because the trial judge found no fault on Jon-Eric's part, his reduction of the general damages award was improper. Therefore, we amend that part of the judgment reducing the general damages award to award general damages of $3,000.
The Dufrenes contend that the State Farm policy covered their medical expenses regardless of any legal duty owed by Mrs. Henry. To support their contention, they refer to Terrebonne v. State Farm Fire and Casualty Co., 491 So.2d 73 (La.App. 1st Cir. 1986), wherein this court stated that as to medical coverage in a particular homeowner's policy, the insurer intended to make medical payments in limited amounts regardless of any duty imposed by law. Although a review *22 of the medical payments provision of the applicable policy shows that they are to be made regardless of any legal duty owed by the insured, the circumstances of the injury must still fall within the policy coverage. The State Farm policy states, in pertinent part, under "COVERAGE M-PREMISES MEDICAL PAYMENTS," "We will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing bodily injury which arises out of a condition on the insured premises or for which the insured is provided bodily injury liability coverage under this policy." The definition of "insured premises" in pertinent part is "the residence premises" and "the ways immediately adjoining on land." "Residence premises" is defined as "the one or two family dwelling, other structures, and grounds which is shown in the Declarations."
An insurance policy is a contract and as such is governed by the articles of the Civil Code concerning the interpretation of contracts. See La.C.C. arts. 2045-2057; Kitchens v. Brown, 545 So.2d 1310 (La.App. 1st Cir.1989). The object of the construction of a contract is to ascertain the intent of the parties. La.C.C. art. 2045. According to La.C.C. art. 2047, "[t]he words of a contract must be given their generally prevailing meaning."
Based on these principles of interpretation, we believe that injuries from dogs owned by the lessees who reside on the premises do not arise "out of a condition on the insured premises"; that is, the dogs are not a "condition on the insured premises." The purpose of this rental dwelling insurance was to protect against liability for medical payments for an injury arising from a condition of the rental dwelling or property as distinguished from an injury arising from pets kept on the premises by the tenants. Thus, the trial judge did not err in finding that State Farm was not liable for the medical expenses.
The Dufrenes correctly contend that they should have been awarded legal interest from date of judicial demand. Modification of a judgment to include legal interest can be made pursuant to an appeal. Lovell v. Lovell, 545 So.2d 1314 (La.App. 1st Cir.1989). The Dufrenes are entitled to legal interest under La.C.C.P. art. 1921, which states that "[t]he court shall award interest in the judgment as prayed for or as provided by law." La.R.S. 13:4203 provides, "[l]egal interest shall attach from date of judicial demand, on all judgments, sounding in damages, `ex delicto', which may be rendered by any of the courts." An award of legal interest in tort cases is not discretionary with the court, as the interest attaches automatically until the judgment is paid, whether prayed for in the petition or mentioned in the judgment. Cooley v. Allstate Insurance Co., 443 So.2d 739 (La.App. 4th Cir.1983), writ denied, 446 So.2d 1229 (La.1984). Therefore, we amend the judgment to include legal interest from the date of judicial demand.
For these reasons, the judgment of the trial court is amended to award general damages of $3,000 and to include legal interest from the date of judicial demand, and affirmed as to the dismissal of State Farm. Costs of the appeal to be paid by the Duncans.
AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] The plaintiffs amended their original petition to add Mrs. Henry as a defendant.
[2] According to the briefs and the written reasons for judgment, Mr. Duncan (who was not represented by counsel in the court below) wrote a letter to the trial judge complaining about his initial reasons for judgment; the trial judge considered the letter a motion for new trial. The letter is not of record.
[3] We note that although the plaintiffs sought damages individually as well as on behalf of Jon-Eric, the trial judge simply referred to the award as one of general damages to the plaintiff. Because there is no indication that part of this award is for the parents individually, we will treat the damages awarded as entirely for Jon-Eric.