

# Missouri Court of Appeals
## Southern District

### In Division

LANA SLOAN,                                )
                                           )
            Appellant,                     )
                                           )   No. SD37751
    v.                                     )
                                           )   **Filed: August 15, 2024**
FARM BUREAU TOWN AND                       )
COUNTRY INSURANCE COMPANY                  )
OF MISSOURI,                               )
                                           )
and                                        )
                                           )
JESSE CLARK, JOSEPH WEBB, and              )
BOBBETTE WEBB,                             )
                                           )
            Respondents.                   )

APPEAL FROM THE CIRCUIT COURT OF POLK COUNTY

Honorable James A. Hackett, Judge

**<u>AFFIRMED</u>**

Lana Sloan appeals from summary judgment entered in favor of Farm Bureau Town and Country Insurance Company of Missouri ("Farm Bureau"). She claims the circuit court misconstrued insurance policy language regarding medical payments coverage for non-insureds injured off of the insured premises. We affirm because the circuit court did not misconstrue the policy language and Farm Bureau is entitled to judgment as a matter of law.

## Background

Joseph Webb owns residential property insured by Farm Bureau. Webb leased the insured premises to Jesse Clark, who owns a dog. Webb neither owns nor cares for the dog. Clark's dog bit Sloan while she was walking on a public roadway adjacent to but not on the insured premises. Sloan made a claim under the medical payments provision of the Farm Bureau policy, on which Joseph Webb was the only named insured.

The Farm Bureau policy provides coverage for medical payments to non-insureds when such person sustains bodily injury:

> 1. On an insured premises with the permission of any insured, or
> 2. Elsewhere, if the bodily injury:
> > a. Arises out of a condition on the insured premises;
> > b. Is caused by the activities of you, or your relatives if you are a person;
> > c. Is caused by a residence employee in the course of employment by you, or your relatives if you are a person; or
> > d. Is caused by an animal other than livestock owned by or in the care of you, or your relatives if you are a person.

Farm Bureau denied Sloan's claim. She filed suit, alleging, as relevant here, that Farm Bureau was liable under § 375.420[1] for its vexatious refusal to pay her. Farm Bureau secured summary judgment in its favor. This court reversed, finding the statement of uncontroverted material facts did not support summary judgment. ***Sloan v. Farm Bureau Town & Country Ins. Co. of Missouri***, 601 S.W.3d 314, 316 (Mo.App. 2020).

After remand, both Sloan and Farm Bureau moved for summary judgment on the vexatious refusal to pay claim. The only dispute on summary judgment was the applicability of section 2.a, that is, whether Sloan's injuries, which occurred off the

---

[1] All statutory references are to RSMo. (2016).

insured premises, arose out of a condition on the insured premises. The circuit court denied Sloan's motion and granted Farm Bureau's motion. That court found the dog was not a condition on the insured premises, the loss was not covered under the policy, and Sloan, after an adequate time for discovery, could not prove the dog was a condition on the insured premises.[2]

## Applicable Law

"Our review is essentially *de novo*." ***ITT Com. Fin. Corp. v. Mid-Am. Marine Supply Corp.***, 854 S.W.2d 371, 376 (Mo. banc 1993). "The propriety of summary judgment is purely an issue of law." ***Id.*** Summary judgment is appropriate "where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law." ***Id.*** Because Farm Bureau was the defending party below, it could establish a right to judgment by, among other ways, showing "that [Sloan], after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of [Sloan]'s elements." ***Id.*** at 381.

"Sections 375.296 and 375.420 allow penalties to be assessed against an insurer when it refuses to make payment, upon demand and **in accordance with the policy**, vexatiously, willfully[,] and without reasonable cause." ***Sprint Lumber, Inc. v. Union Ins. Co.***, 627 S.W.3d 96, 121 (Mo.App. 2021) (quoting ***Nooter Corp. v. Allianz Underwriters Ins. Co.***, 536 S.W.3d 251, 294 (Mo.App. 2017)) (emphasis ours). "To establish a claim for vexatious refusal to pay, an insured must [show]: (1) it had an

---

[2] As was also true in the previous appeal, the summary judgment resolves the only claim brought against Farm Bureau, so certification for appeal was proper under Missouri Supreme Court Rule 74.01(b) (2019). Clark and the Webbs have not filed briefs or otherwise participated in this appeal. Our recitation of facts developed in the summary judgment record should not be construed as preclusive of any other claims against parties other than Farm Bureau.

insurance policy with the insurer;[3] (2) the insurer refused to pay; and (3) the insurer's refusal was without reasonable cause or excuse." ***Murray-Kaplan v. NEC Ins., Inc.***, 617 S.W.3d 485, 498 (Mo.App. 2021). Because "loss" is modified by the prepositional phrase "under a policy" in § 375.420, only those losses insured or covered by the policy satisfy the statute. ***Sprint Lumber***, 627 S.W.3d at 122. "[W]here an insurer had no duty to pay under the insurance policy, there cannot be a claim for vexatious refusal to pay." ***Progressive Preferred Ins. Co. v. Reece***, 498 S.W.3d 498, 506 (Mo.App. 2016).

"The interpretation of an insurance policy is a question of law." ***Murray-Kaplan***, 617 S.W.3d at 493. "Absent an ambiguity, an insurance policy must be enforced according to its terms." ***Shelter Mut. Ins. Co. v. Hill***, 688 S.W.3d 638, 645 (Mo.App. 2024) (quoting ***Seeck v. Geico Gen. Ins. Co.***, 212 S.W.3d 129, 132 (Mo. banc 2007)). "When a term within an insurance policy is clearly defined, that definition controls and we look nowhere else." ***M.P. by & through Zipfel v. Trexis One Ins. Corp.***, 652 S.W.3d 685, 689 (Mo.App. 2022). "When a term within an insurance policy is undefined, we will apply the plain meaning, i.e., the meaning that would be attached by an ordinary person of average understanding if purchasing insurance." ***Id.*** The burden of proving coverage is on the party seeking coverage under the policy. ***Id.*** at 688; ***Est. of Overbey by Overbey v. Universal Underwriters Ins. Co.***, 645 S.W.3d 641, 649 (Mo.App. 2022).

**Discussion**

Sloan contends her loss was covered by the policy because a dog kept on the

---

[3] Although ***Murray-Kaplan*** and other cases refer to the first element as the insured showing he or she had a policy of insurance with the insurer, a third-party beneficiary under a medical payments coverage provision may have standing to raise a vexatious refusal to pay claim directly against an insurer. ***Desmond v. American Ins. Co.***, 786 S.W.2d 144 (Mo.App. 1989). Farm Bureau has not challenged Sloan's standing to bring such a claim.

insured premises is a condition on the insured premises from which an off-premises attack and injury can arise. Sloan does not argue that her claim is covered under any policy provision other than as arising out of a condition on the insured premises.

In ***Lititz Mut. Ins. Co. v. Branch***, 561 S.W.2d 371 (Mo.App. 1977), the court had to determine whether an exclusion for "bodily injury . . . arising out of any premises, other than an insured premises, . . . controlled by any insured" precluded coverage under a homeowner's insurance policy for injuries resulting from a dog bite that occurred on a business property controlled by the dog's owner but separate from the residential premises insured by the policy. The court observed:

> It is apparent that "premises" in common parlance and in the policy itself contemplates the land and more or less permanently affixed structures contained thereon. It does not contemplate easily movable property which may be located on the property at a given time or even on a regular or permanent basis. **A dog, whether permanently kenneled or tethered on the property, is not a part of the premises.**
> **It cannot therefore be said that a dog bite arises out of[,] originates from, grows out of, or flows from the premises.**

*Id.* at 373 (emphasis ours). Courts in other states have reached the same conclusion when interpreting similar policy language in cases involving injury from an animal attack.[4]

In the policy at issue, "arises out of" and "condition" are not defined terms. "Insured premises" includes locations listed on the Information Page, cemetery plots,

---

[4] *See, e.g.*, ***Berardi v. FMI Ins. Co.***, A-2940-22, 2023 WL 8231737, at *3 (N.J. Super. Ct. App. Div. Nov. 28, 2023); ***Norfolk & Dedham Mut. Fire Ins. Co. v. Norton***, 177 N.E.3d 1251, 1254 (Mass. App. 2021) (an injury "arises out of a premises" if it has a causal connection to a condition of the premises, as opposed to an injury that could have happened anywhere, specifically listing a dog bite as an example of the latter); ***Patrons Mut. Ins. Co. of Connecticut v. Travelers Prop. Cas. Corp. et al.***, CV196106480S, 2020 WL 3441453, at *6 (Conn. Super. Ct. Apr. 23, 2020) (injury from dog bite was unrelated to conditions of the premises and therefore did not "arise out of the premises" as required for policy exclusion to apply); ***Callahan v. Quincy Mut. Fire Ins. Co.***, 736 N.E.2d 857, 859 (Mass. App. 2000) (dog not a condition of the premises, its bite no more connected to property than had its owner injured someone by spilling hot coffee); ***Am. States Ins. Co. v. Guillermin***, 671 N.E.2d 317 (Oh. App. 1996) (policy exclusion for injuries "arising out of a premises" did not apply because there was no direct, causal link between a condition of the land and the lion attack that caused injury); ***Dufrene v. Duncan***, 634 So.2d 19 (La. App. 1 Cir. 1994).

vacant land, residence premises being built for an insured, or residence premises where an insured temporarily resides. "Residence premises" means, "the dwelling(s) and other structures and grounds at such location(s) identified on the Information Page, where you regularly or seasonally reside." The Information Page gives an address for the insured premises, which it describes as a one-family, tenant-occupied, frame dwelling. These definitions describe real estate and buildings. None of these definitions include, or even imply, that domestic animals are a part of or a condition on the insured premises. As in *Lititz*, both the policy definitions and common understanding contemplate that "insured premises" includes land, buildings, and permanently affixed structures, but not mobile property like a dog.

Although liability and policy coverage can be different issues, we note that the noncoverage of the loss in this case is consistent with the principle that landlords generally are not liable for injuries to others caused by a tenant's dog. *J.D. by A.O. v. Parrish*, 620 S.W.3d 632, 635 (Mo.App. 2020); *A.T. by R.T. v. Satterfield*, 597 S.W.3d 797 (Mo.App. 2020). In these cases, we recognized that ownership of real property alone does not make one an owner, possessor, or harborer of the domestic animals found on that property, particularly as applied in the landlord/tenant context. This principal applies equally in this context and further supports the distinction between real property and domestic animals kept on that property.

## Conclusion

Sloan's injuries did not arise out of a condition on the insured premises. Summary judgment was appropriate because Sloan will not be able to prove that her claimed loss

was a covered loss under the policy.  Point denied.  Judgment affirmed.[5]

JACK A. L. GOODMAN, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS

---

[5] Sloan requested that we also consider the denial of her motion for summary judgment because the merits of her motion were inextricably intertwined with the issues in Farm Bureau's summary judgment.  Because we have affirmed that judgment, we deny this request as moot.