J2FOIL, JUDGE.
At issue in this appeal is whether an inmate’s cause of action against the state is extinguished by his failure to initiate the administrative remedy within 30 days of the date of the incident giving rise to the lawsuit. We hold that under the facts of this case, the trial court properly dismissed this prisoner suit without prejudice pending the initiation of the administrative grievance procedure, and we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
On July 26, 1995, Barton Jackson, an inmate in the custody of the State of Louisiana, Department of Public Safety and Corrections, housed at the Avoyelles Correctional Center (AYC), filed this lawsuit in the 12th Judicial District Court for the Parish of Avo-yelles against the prison’s Warden, Assistant Warden, Sergeant Debra Mitchel (hereinafter referred to, along with the Department of Corrections, as the “state”) and United Parcel Service. Jackson alleged that on November 21, 1994, he was disciplined and sentenced to a working cellblock within the AVC, where he was not allowed to be in possession of his toolbox. He was told on November 21, 1994 that he would have to *821 send his toolbox home. He alleged that the records of the Mail and Package Room at the AVC showed that his box was shipped via UPS to Mr. John Shaw in Texas. He asserted that he was not allowed to obtain insurance for the shipment and was never given a receipt informing him of the shipment. After being returned to medium security where he could possess the tools, Jackson began inquiring about the destination of his package. He averred that in March and April of 1995, he wrote five letters inquiring about the destination of his package to the Mail and Package room and was directed to contact UPS. He did so and on May 15, 1995, UPS mailed him a check for $100.00 with an invoice labeled “Claims Settlement Remittance Advice.” He again wrote to UPS on June 5, 1995 and did not receive a reply.
Jackson’s suit demanded monetary damages from the state and UPS for the loss of his property. Specifically, he alleged that the state failed to implement proper procedures for handling incoming and outgoing packages.
|3The state filed an exception of improper venue, which was granted, and the ease was transferred to the 19th Judicial District Court. In that court, the state filed an exception of prematurity on the grounds that Jackson failed to exhaust his administrative remedies. That exception was converted to an exception of abandonment. The state argued that the Administrative Remedy Procedure Rules give a prisoner 30 days to initiate a request for an administrative remedy, and because Jackson failed to initiate that procedure within 30 days of the alleged wrong (the date, the state alleges, on which his package was shipped from the AVC, November 29, 1995), he is barred from maintaining the instant lawsuit.
Commissioner Alen Bergeron, Jr. overruled the exception of abandonment, finding that there is no statute setting forth a 30 day time limitation for initiating the administrative grievance process. He also noted that although the administrative remedy procedure rules do contain a 30 day time limitation, these rules may not be used to enforce a prescriptive or peremptive period. The Commissioner concluded that the suit could not be barred by the adoption of administrative rules, and accordingly, granted Jackson the right to commence the administrative remedy within a period of 45 days of the date of the order or face dismissal of his suit with prejudice. The state sought to traverse the Commissioner’s recommendation. The trial judge denied the request, granting Jackson the right to refile the matter on the administrative level within 15 days of November 25, 1996. The state filed a writ application, and this “court granted certiorari to consider the correctness of the Commissioner’s ruling.
DISCUSSION
The only issue in this case is whether an inmate’s failure to initiate the prison grievance procedure within 30 days of the date of the incident giving rise to the claim extinguishes an inmates’ cause of action against the state. Athough the state relies on the doctrine of abandonment in its effort to have this case dismissed with prejudice, the state’s complaint in reality is one of prescription or peremption. The state essentially argues that because Jackson |4did not initiate the administrative grievance procedure within 30 days of the date giving rise to his lawsuit (the date, it is alleged, on which his property was lost), Jackson’s claim is extinguished. Therefore, the state argues, the trial court was required to dismiss the complaint with prejudice, barring Jackson from ever seeking redress, administrative or judicial, for his grievance.
The legislature enacted the Corrections Administrative Remedy Procedure Act (ARP), La. R.S. 15:1171 et seq., to require inmates in the custody of the state to submit claims against the state to a prison review process prior to filing suit in state court on the claim. La. R.S. 15:1172, which requires an inmate to exhaust the administrative remedy prior to filing suit, states as follows:
No state court shall entertain an offender’s grievance or complaint which falls under the purview of the administrative remedy procedure unless and until the offender shall have exhausted the remedies as provided in said procedure. If the offender has failed timely to pursue administrative remedies through this procedure, any peti *822 tion he files shall be dismissed. If at the time the petition is filed the administrative remedy process has not yet been completed, the court shall stay the proceedings for ninety days to allow for completion of the procedure and exhaustion of the remedies thereunder.
(Emphasis added.)
It is clear from the language of the cited provision that the legislature contemplated that there would be some time limit on the right to pursue the administrative remedy. However, as is conceded by the state, in enacting the ARP, the legislature did not impose a time limit on the right to seek administrative review of a prison grievance.
It is axiomatic that there can be no prescription other than that established by legislation. La. Civ.Code art. 3457; Picone v. Lyons, 601 So.2d 1375, 1377 (La.1992). The state argues that the legislature delegated the authority to circumscribe a time limitation for the exercise of rights to the state correctional officials when it authorized the correctional authorities to develop the procedural rules to implement the ARP.
It was a disagreement with this proposition which led the Commissioner to reject the state’s prescription argument. The Commissioner acknowledged that the rules did contain time limitations for initiating the prison review Rprocess, but found that those rules were invalid because the legislature could not delegate the authority to enact time limitations to the administrative officials.
We need not determine whether there has been an invalid delegation of legislative power in this case. The validity of the 30 day limitation was not actually at issue in this case. Rather, the only issue is whether that 30 day limitation can serve to extinguish án inmate’s cause of action, where there has been no administrative determination that a particular grievance is untimely. We conclude that it cannot have this effect.
The state adopted an administrative remedy procedure which was published in Louisiana Register, Volume 17, No. 1, pp. 68-72. The procedure entails a three-step prison review process. The rules relating to the initiation of the procedure provide as follows:
G. Process
1. First Step (Step One/Time Limib-15 days)
a. The offender commences the process by writing a letter to the unit head, in which he briefly sets out the basis for his claim, and the relief sought ... This letter must be written to the unit head within 30 days of an alleged event. (This requirement may be waived where circumstances warrant: If the offender was ill and unable to write,, etc. The screening officer will use his best, reasonable judgment in such matters.)
Under the section entitled, “Procedure”, the unit head is required to screen all requests prior to the assignment to the first step. The rules state that “[tjhis discretionary decision should not unreasonably restrain the offender’s opportunity to seek a remedy.” The rules further provide that if the request is denied, it must be for one of the enumerated reasons, one of which is a lapse of more than 30 days between the event and the initial request.
The state argues that the failure to file an administrative grievance within thirty days of the incident giving rise to the grievance automatically extinguishes the inmate’s claim against the state. We disagree with this proposition. There is nothing in the rules that prevents administrative consideration of an out of time complaint. Indeed, the 30 day time limitation may be waived by the prison officials. Because of the discretion vested in the administrative officials in handling untimely complaints, the failure to initiate 16the grievance procedure within 30 days simply cannot serve to extinguish the inmate’s cause of action against the state.
Therefore, we conclude that the Commissioner was correct in granting Jackson time to initiate the administrative review procedure, even though he did not file a claim with the prison officials prior to filing suit. Although the trial court did not have jurisdiction to entertain the lawsuit at the time Jackson filed suit because of his failure to exhaust the administrative remedy, it was not required to dismiss the suit as being time-barred or extinguished by prescription. Should Jackson initiate the administrative remedy, the rules require that the adminis *823 trative official make a determination of whether Jackson’s failure to file his complaint within 30 days of the incident giving rise to the claim is justifiable under all of the circumstances.
CONCLUSION
The judgment appealed from is affirmed to the extent that it dismissed the suit without prejudice and granted Barton Jackson time to initiate the administrative remedy. All costs of this proceeding, in the amount of $340.80, are assessed to the State of Louisiana.
AFFIRMED.