732 So.2d 645 (1999)
Sandy EDMOND, appearing as Tutrix of her minor son, Christopher Bell, Plaintiff-Appellant,
v.
DEPARTMENT OF PUBLIC SAFETY, et al., Defendants-Appellees.
No. 31,821-CA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1999.
*646 Linda Ritzie, baton Rouge, Counsel for Appellant.
Richard P. Ieyoub, Attorney General,, Mary A. Brown, Heather L. Horton, Assistant Attorneys General, Counsel for Appellees.
Before WILLIAMS, STEWART and GASKINS, JJ.
GASKINS, Judge.
The plaintiff, Sandy Edmond[1], as natural tutrix for her minor son, Christopher Bell, appeals a trial court judgment dismissing a personal injury claim against the defendants, the Department of Public Safety and Corrections, through Louisiana Training Institute at Monroe, and Howard Randall. The trial court dismissed the suit because the plaintiff failed to comply with the Corrections Administrative Remedy Procedure, provided in La. R.S. 15:1171 et seq. For the following reasons, we affirm in part and amend in part the trial court judgment.

FACTS
On April 8, 1996, Christopher Bell was injured when four of his fingers were severed by a wood planer machine while Bell was in the custody of the Department of Safety and Corrections at Louisiana Training Institute (LTI) in Monroe, Louisiana. At the time of the accident, Bell was 14 years old. One year later, on April 8, 1997, Bell's mother, Sandy Edmond, in her capacity as natural tutrix of her minor son, Christopher Bell, filed suit against the Department of Public Safety and Corrections (DPSC). She also named Howard Randall as a defendant. Mr. Randall allegedly was Bell's shop instructor at LTI at the time the accident occurred. The defendants filed an answer to the lawsuit, and after the parties had exchanged interrogatories and requests for the production of documents, the defendants filed a motion to dismiss. The motion was based on the provisions of La. R.S. 15:1171(B), which provide that the DPSC may adopt an administrative remedy procedure providing the exclusive remedy for adult and juvenile offenders against the state and its employees for all complaints and grievances arising while the offender is in the custody of the state. Also, La. R.S. 15:1172(B) provides that no state court shall entertain an offender's grievance or complaint which falls under the purview of the Corrections Administrative Remedy Procedure unless or until the offender exhausts the remedies provided therein.
*647 A hearing on the motion to dismiss was held in the trial court on November 19, 1997. At the hearing, the plaintiff argued that the basis of the defendants' motion to dismiss was, in effect, an exception of prematurity, which was waived because it was filed after the defendants answered the plaintiffs petition. On February 13, 1998, the trial court issued written reasons for its decision to grant the motion to dismiss in favor of the defendants. The trial court discounted the plaintiffs argument that the motion to dismiss was based upon an exception of prematurity.[2] The trial court noted that, under La. R.S. 15:1172, if an offender fails to pursue administrative remedies, any petition filed in the trial court shall be dismissed. The trial court found that the plaintiffs right to file suit would not come into existence until the Department of Corrections renders a decision adverse to him and therefore, dismissal was appropriate and was granted in favor of the defendants. On April 8, 1998, the trial court filed a judgment in favor of the defendants, dismissing the plaintiffs claim with prejudice. The plaintiff appealed the trial court judgment.

DISMISSAL OF CLAIM
On appeal, Ms. Edmond argues that the trial court erred in dismissing her claim against the defendants, asserting that the Corrections Administrative Remedy Procedure is not applicable to her. She contends that La. R.S. 15:1171 et seq. applies only to offenders as defined in that statutory scheme. Ms. Edmond argues that she is the plaintiff in this case and she is not an offender as defined in the statute. Therefore, the Corrections Administrative Remedy Procedure is not applicable to her and does not preclude the prosecution of her claim against the state in the trial court. This argument is without merit.
The statutory provisions relevant to this case are set forth below in pertinent part:
La. R.S. 15:1171(B):
The department or sheriff may ... adopt, in accordance with the Administrative Procedure Act, administrative remedy procedures for receiving, hearing, and disposing of any and all complaints and grievances by adult or juvenile offenders against the state, the governor, the department or any officials or employees thereof, ... which arise while an offender is within the custody or under the supervision of the department.... Such complaints and grievances include but are not limited to any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law and by way of illustration includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or changes to rules, regulations, policies, or statutes. Such administrative procedures, when promulgated, shall provide the exclusive remedy available to the offender for complaints or grievances governed thereby insofar as federal law allows.... [Emphasis supplied.]
La. R.S. 15:1172(A):
Upon approval of the administrative remedy procedure ... and the implementation of the procedure within the department or by the sheriff, this procedure shall constitute the administrative remedies available to offenders for the purpose of preserving any cause of action they may claim to have against the State of Louisiana, the Department of Public Safety and Corrections, or its employees....
La. R.S. 15:1172(B):
No state court shall entertain an offender's grievance or complaint which falls under the purview of the administrative remedy procedure unless and until the offender shall have exhausted the remedies as provided in said procedure. If the offender has failed timely to pursue administrative remedies through *648 this procedure, any petition he files shall be dismissed. If at the time the petition is filed the administrative remedy process has not yet been completed, the court shall stay the proceedings for ninety days to allow for completion of the procedure and exhaustion of the remedies thereunder.
La. R.S. 15:1174(2):
"Offender" means an adult or juvenile offender who is in the physical or legal custody of the Department of Public Safety and Corrections, a contractor operating a private prison facility, or a sheriff when the basis for the complaint or grievance arises. Any subsequent event, including posttrial judicial action or release from custody, shall not affect status as an "offender" for the purposes of this Part. [Emphasis supplied.]
La. R.S. 15:1177(A):
Any offender who is aggrieved by an adverse decision by the Department of Public Safety and Corrections ... rendered pursuant to any administrative remedy procedures under this Part may, within 30 days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court ... in the manner hereinafter provided: [Emphasis supplied.]
* * *
(9) The court may reverse or modify the decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(a) In violation of constitutional or statutory provisions.
(b) In excess of the statutory authority of the agency.
(c) Made upon unlawful procedure.
(d) Affected by other error of law.
(e) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
(f) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
It is clear from the wording of La. R.S. 15:1171(B) that the statutory scheme is intended to apply to juvenile offenders. However, La. C.C.P. art. 683 provides that an unemancipated minor does not have the procedural capacity to sue. Therefore, in compliance with La. C.C.P. art. 683, La. C.C.P. art. 4502 and La. C.C. art. 235, Ms. Edmond took proper steps to be duly appointed as natural tutrix for her son. She then filed suit on her son's behalf. Ms. Edmond did not sue or assert any claims in her individual capacity. Therefore, she is merely the legal representative for her son. She is not the plaintiff in this suit in her individual capacity. The damages claimed in the petition are those of the minor, Christopher Bell, not those of his mother, Ms. Edmond. Damages for personal injuries to a minor belong to the child and not to the parent who brings suit. Hanna v. Otis, 151 La. 851, 92 So. 360 (1922); Bernard v. Gravios, 8 So.2d 318 (La.App. 1st Cir.1942); Lane v. Mud Supply Company, 111 So.2d 173 (La.App.Orleans 1959). Therefore, it is the status of the minor, the owner of the claim, that is determinative of this issue. Because the juvenile is an offender as defined by La. R.S. 15:1174(2)[3], the exclusive *649 relief of the Corrections Administrative Remedy Procedure is applicable to this case and must be followed.
Because administrative remedies were not exhausted prior to the filing of this suit in the Fourth Judicial District Court, the trial court was required by La. R.S. 15:1172(B) to dismiss the suit. The plaintiff must exhaust administrative remedies before seeking judicial review. Such review may be made only in the Nineteenth Judicial District.[4] La. R.S. 15:1172(B); La. R.S. 15:1177; Marler v. Petty, 94-1851 (La.4/10/95), 653 So.2d 1167; Bellard v. Louisiana Correctional & Industrial School, 95-0157 (La.10/16/95), 661 So.2d 430; State v. Demouchet, 95-0661 (La.10/27/95), 661 So.2d 1357. Accordingly, we affirm that portion of the trial court judgment dismissing the plaintiff's claim.
We amend that portion of the judgment dismissing the claim with prejudice. No reasons were given for dismissing the claim with prejudice. The trial court may have reasoned that, because the Corrections Administrative Remedy Procedure was not instituted within 30 days of the date of the incident giving rise to the claim, the plaintiff's cause of action was extinguished. We note that the administrative rules enacted in compliance with La. R.S. 15:1171 et seq., and promulgated in Louisiana Register Volume 17, No. 1, provide that the administrative remedy process must be commenced by writing a letter to the unit head setting forth the basis of the claim and the relief sought. The letter is to be written to the unit head, within 30 days of the alleged event. However, the rule provides that this requirement may be waived where the circumstances warrant, such as where the offender is ill and unable to write. The rule provides that the screening officer will use his best, reasonable judgment in such matters.
In Jackson v. Kaylo, 96 2775 (La.App. 1st Cir. 2/20/98), 709 So.2d 820, the issue was whether an inmate's failure to initiate the prison grievance procedure within 30 days of the date of the incident giving rise to the claim extinguished the cause of action against the state. Citing La. R.S. 15:1172, requiring an offender to timely pursue administrative remedies or have his petition dismissed, the appellate court stated that it was clear the legislature contemplated there would be some time limit on the right to pursue an administrative remedy. However, the legislature did not impose a time limit in the statute, and the court noted that it is axiomatic that there can be no prescription other than that established by legislation. The 30-day time period allowed for initiation of the claim was part of the administrative procedure, not part of the statute. The appellate court concluded that the 30-day limitation in the administrative rules did not extinguish the cause of action because the administrative officers were granted discretion to waive the time limit and accept untimely claims.
Therefore, the appellate court concluded that, although the trial court did not have jurisdiction to entertain the lawsuit at the time the offender filed suit, because of the offender's failure to exhaust the administrative remedy procedure, the trial court was not required to dismiss the suit as time-barred or extinguished by prescription. Instead, if the offender chose to initiate the administrative remedy, an administrative official would determine whether the offender's failure to file his complaint within 30 days of the incident giving rise to the claim was justifiable, under all the circumstances. The court affirmed dismissal without prejudice.
In accordance with the reasoning in Jackson v. Kaylo, supra, we find that the *650 claim in the present case should be dismissed without prejudice. The plaintiff will then have the opportunity to comply with the prescribed administrative procedure and an administrative officer may make a determination of whether the failure to timely comply with the Corrections Administrative Remedy Procedure was justifiable, under all the circumstances in this case. In the event of an adverse decision, the plaintiff may seek judicial review in the Nineteenth Judicial District Court.

CONCLUSION
For the reasons stated above, we hereby affirm the dismissal of the suit, but amend to delete the prejudicial effect assigned by the trial court, and make the judgment one of dismissal without prejudice. The plaintiff is given 30 days from the date this judgment becomes final to institute a claim under the Corrections Administrative Remedy Procedure and the rules promulgated pursuant thereto. Costs in this court and in the court below are assessed to the plaintiff.
AFFIRMED IN PART, AMENDED IN PART, AND AS AMENDED, AFFIRMED.
NOTES
[1] With the exception of the caption in this suit, the plaintiff is referred to by her attorney as "Sandy Edmonds." For purposes of this opinion, we will utilize the name of the tutrix as it appears in the caption of this case.
[2] This ruling is not raised as error on appeal.
[3] We note that La. R.S. 15:1174(2), defining "offender" was amended by Acts 1997, No. 575. The wording of the statute is now contrary to the rule established in Bumgarden v. Wackenhut Corrections Corporation, 93-1349 (La.App. 3d Cir.9/21/94), 645 So.2d 655, writ denied 95-0156 (La.6/2/95), 654 So.2d 1102, cited in brief by the plaintiff. Bumgarden held that the status of the plaintiff at the time the suit is filed and not at the time the cause of action arose is determinative of whether the exclusive remedy of the Corrections Administrative Remedy Procedure must be followed.
[4] If the offender is in the physical custody of the sheriff, however, judicial review would lie in the district court having jurisdiction in the parish in which the sheriff is located.