JjDOUCET, J.
In this appeal, we must determine whether the trial court properly dismissed an inmate’s tort suit on an exception of prescription.
Michael O’Neal Stokes, a prisoner in the St. Tammany Parish Jail, filed suit on July 16, 1998, against the Sheriff of St. Tammany Parish and three deputies. He alleges that, on June 26, 1997, he noticed money missing from his commissary account, that his repeated inquiries about the matter resulted in his improper reassignment to the prison laundry and to other correctional facilities. He further alleges that four inmates poisoned him by placing cleaning liquid in his coffee, and that he received improper medical attention on July 7,1997, for the ingestion of the cleaning liquid, resulting in liver damage, loss of eyesight, and headaches. Stokes also sued a medical employee of the coroner’s office, but that Defendant has already been dismissed from this litigation.
The remaining Defendants responded with exceptions of prematurity, prescription, and failure to state a cause of action. On October 13, 1998, the trial court granted the exception of prematurity, stayed the proceedings for thirty days to allow Stokes to comply with the Corrections Administrative Remedy Procedures Act, La.R.S. 15:1171 et seq. (CARP), and pretermitted the other exceptions. On October 31, 1998, Stokes mailed a handwritten document entitled “Administrative Remedy Procedure (An [sic] Court Order (10/8/98))” to “Warden: St. Tammany Parish Jail,” in which he outlined the above allegations. There is no record that anyone from the jail responded to this filing. On January 19, 1999, Defendants filed a motion to hold Stokes in contempt or, alternatively, to set their previously-filed exceptions, alleging that as of December 31, 1998, Stokes had not taken any steps in furtherance of the administrative procedure. At a hearing on March 4, 1999, Captain Gregory Longino, |?,the screening officer at the jail and a Defendant herein, testified that Stokes did make an initial request for information about the money allegedly missing from his account, but that he never filed a grievance within thirty days of the incident as required by jail procedure. Instead, he filed the instant *621 suit over one year after the events at issue occurred. According to Captain Longino, Stokes’ “Administrative Remedy Procedure” filed on October 31, 1998 was not in compliance with jail procedure because it was a “duplicate complaint” that had already been answered. At the conclusion of the hearing, the trial court granted Defendants’ exception of prescription.
La.R.S. 15:1171(A) and (B) provide that a sheriff may adopt an administrative remedy procedure governing any grievances or complaints, including those seeking monetary relief for personal injuries, by offenders in the sheriffs custody. Once promulgated, such administrative procedures “shall provide the exclusive remedy available to the offender for complaints or grievances governed thereby insofar as federal law allows.” La.R.S. 15:1171(B). Under La.R.S. 15:1172(B) (emphasis added):
No state court shall entertain an offender’s grievance or complaint which falls under the purview of the administrative remedy procedure unless and until the offender shall have exhausted the remedies as provided in said procedure. If the offender has failed timely to pursue administrative remedies through this procedure, any petition he files shall be dismissed. If at the time the petition is filed the administrative remedy process has not yet been completed, the court shall stay the proceedings for ninety days to allow for completion of the procedure and exhaustion of the remedies thereunder.
The CARP’s requirement that prisoners submit tort disputes to a presuit administrative process does not violate an inmate’s equal protection or substantive due process rights, nor does it deprive an inmate of access to the courts. Blackwell v. Louisiana Dep’t of Public Safety & Corrections, 96-954, 96-955 (La.App. 1 Cir. 2/14/97); 690 So.2d 137, writ denied, 97-1158 (La.9/5/97); 700 So.2d 507. If a sheriff does not adopt and implement procedures pursuant to the CARP, an inmate’s access to the courts is procedurally unaffected. Barr v. Hathaway, 32,192 (La.App. 2 Cir. 8/18/99); 747 So.2d 99.
Although the record does not contain a copy of the administrative remedy procedure adopted by the Sheriff of St. Tammany Parish, Captain Longino testified that the jail procedure requires an inmate to submit a grievance within thirty days of the incident giving rise to the complaint. As Captain Longino explained, Stokes did take the initial step of filing an “Inmate Request Form” for information about the incident, but he never filed a grievance before he filed the instant suit.
In Jackson v. Kaylo, 96-2775 (La.App. 1 Cir. 2/20/98); 709 So.2d 820, the court held that an inmate’s underlying tort claim was not extinguished by prescription, even though the inmate did not file a grievance within thirty days of the incident giving rise to the claim as required by the Department of Public Safety and Corrections’ administrative remedy procedure. The second circuit reached the same conclusion in Edmond v. Department of Pub. Safety, 31,821 (LaApp. 2 Cir. 3/31/99); 732 So.2d 645, unit denied, 99-1264 (La.6/18/99); 745 So.2d 32. In both cases, the plaintiffs’ suits were dismissed without prejudice, and the plaintiffs were given the opportunity to complete the administrative procedure.
Significantly, the plaintiffs in Jackson and Edmond filed their state court suits before the one-year anniversary of the underlying tort claims. In the present case, Stokes alleges that he discovered his money was missing on June 26, 1997, and that he received improper medical care on July 7,1997, but he did not file suit until July 1416, 1998. Because the face of Stokes’ petition indicates that these claims have prescribed, Stokes has the burden of proving an interruption or suspension of prescription. Previously, La.R.S. 15:1177(B) of the CARP did provide that filing an administrative grievance suspended prescription until a final decision on the *622 complaint was rendered, but that provision was repealed by Acts 1993, No. 871, § 3. Thus, the filing of Stokes’ initial “Inmate Request Form” would not have affected the accrual of prescription. By the time Stokes filed the present suit, his claims had already prescribed, and they could not be revived by his “Administrative Remedy Procedure” document, even though it was filed pursuant to the trial court’s order.
For these reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.