IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30783
Summary Calendar
_____

WADE P. JACKSON,

                                              Plaintiff-Appellant,

versus

LOUIS STROUD; ARMAND, Lieutenant;
TILLMAN, Lieutenant; BURL CAIN, Warden,
Louisiana State Penitentiary;
DORA RABALAIS; JEFF PELZ,

                                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 96-CV-7482
--------------------
July 12, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Wade P. Jackson, Louisiana prisoner # 113076, moves for

permission to file a supplemental brief.  The motion is GRANTED.

Jackson has appealed the district court's dismissal of his civil

rights complaint as frivolous pursuant to 28 U.S.C. § 1915(e) and

1915A.

     We find no error in the district court's determination that

Jackson's claims concerning lost or stolen property fail to

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

allege a constitutional violation.  Hudson v. Palmer, 468 U.S. 517, 532-534 (1984); Parratt v. Taylor, 451 U.S. 527, 541-44 (1981) (overruled in part not relevant here, Daniels v. Williams, 474 U.S. 327 (1986)); see Marshall v. Norwood, 741 F.2d 761, 763-64 (5th Cir. 1984).

Jackson's claim that Ms. Rabalais and Warden Cain have denied him access to the courts fails because he has failed to demonstrate actual prejudice due to their failure to process his administrative remedies in a timely fashion.  Lewis v. Casey, 518 U.S. 343, 350-51 (1996); see Edmond v. Department of Public Safety, 732 So. 2d 645, 649-50 (La. App.), writ denied, 745 So. 2d 32 (La. 1999), cert. denied, 120 S. Ct. 1718 (2000); Sims v. Wackenhut Health Services, Inc., 708 So.2d 1140, 1141-43 (La. App.) cert. denied, 718 So. 2d 417 (La. 1998); Jackson v. Kaylo, 708 So. 2d 820, 821-23 (La. App. 1998).  We note that Jackson has abandoned his claims against defendant Jeff Pelz.  Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Accordingly, we AFFIRM.  Our affirmance of the district court's dismissal of the complaint as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g).  In a prior case, this court dismissed as frivolous Jackson's appeal from the district court's dismissal of a civil rights complaint pursuant to §§ 1915(e)and 1915A.  Jackson v. Stalder, No. 98-30028 (5th Cir. Nov. 6, 1998).  Because Jackson now has "three strikes" under § 1915(g), he may no longer proceed IFP in any civil action or appeal filed while he is in prison unless he is under imminent

danger of serious physical injury.  See § 1915(g); <u>Adepegba v.
Hammons</u>, 103 F.3d 383, 388 (5th Cir. 1996).

MOTION TO SUPPLEMENT GRANTED; AFFIRMED; APPELLANT BARRED.
<u>See</u> 28 U.S.C. § 1915(g).