EDWIN A. LOMBARD, Judge.
 

 liThe defendant, Kikyator Jones, appeals his conviction and sentence for possession of heroin, a violation of La.Rev.Stat. 40:966(0(1). After review of the record in light of the applicable law and arguments of the parties, we affirm the defendant’s conviction, vacate the defendant’s twenty-year sentence, and remand the matter to the trial court for further proceedings.
 

 Relevant Facts and Procedural History
 

 On January 20, 2009, at approximately 9:30 p.m., Detective Lawrence Jones and Officer Victor Gant of the New Orleans Police Department (NOPD) were on patrol traveling eastbound on North Villere Street when they observed a vehicle without brake or taillights traveling northbound on Music Street. They decided to conduct a traffic stop and activated their vehicle’s lights and siren. The vehicle stopped in the 1400 block of Music Street and Detective Jones activated the police unit’s spotlight to enhance their ability to see inside the vehicle. Detective Jones approached the driver’s side of the vehicle and requested the driver’s name and license. The driver of the vehicle was identified as Miguel Joseph and a computer check showed that Joseph did not have a driver’s license. Meanwhile, Officer | gGant approached the passenger side of the vehicle and observed the defendant making erratic movements. The defendant slumped down, kept looking back at Officer Gant to see where he was located, and began to lean forward as if he was hiding or reaching for something. The defendant’s erratic gestures raised Officer Gant’s suspicions that he could have a weapon and, accordingly Officer Gant ordered the defendant to exit the vehicle. Officer Gant conducted a pat down search for weapons but found none. The defendant had no identification but a computer check revealed he had an outstanding municipal warrant for his arrest. Officer Gant advised the defendant of his
 
 Miranda
 
 rights and placed him under arrest. Pursuant to a search incident to arrest, Officer Gant recover a clear plastic bag containing a brown powdery substance in side the defendant’s left rear waistband, between his belt and his 'side. Officer Gant performed a field test on the substance which tested positive for heroin. He again advised the defendant of his
 
 Miranda
 
 rights and placed him under arrest for possession of heroin. Miguel Joseph was given a traffic citation and released.
 

 On March 23, 2009, the defendant was charged with possession of heroin. On June 18, 2009, he pleaded not guilty and defense counsel filed motions to suppress the evidence, the statement, the identification and for a preliminary hearing. On October 29, 2009, the trial court denied the motion to suppress the evidence and found probable cause to hold the defendant for trial. On July 6, 2010, the defendant elected trial by jury. The jury was unable to return a verdict. A mistrial was declared. On October 14, 2010, following a jury trial, the defendant was found guilty as charged. On November 4, 2010, defense counsel filed objections to the multiple bill and a motion for an appeal. On November 12, 2010, defense counsel filed a motion for a new trial. On December 3, 2010, the
 
 *611
 
 | .^defendant was sentenced to serve seven years at hard labor with credit for time served and concurrent with any other sentence. Defense counsel’s oral motions for a new trial and for reconsideration of the sentence were denied. A written motion for reconsideration of defendant’s sentence was filed on December 7, 2010. On January 21, 2011, the defendant was adjudicated a third felony offender. He was resen-tenced to serve twenty years at hard labor with credit for time served and concurrent with any other sentence.
 

 Errors Patent
 

 A review for errors patent reveals none.
 

 Assignment of Error Number
 
 Four
 
 [1]
 

 The defendant asserts that the evidence was insufficient to support his conviction. Accordingly, we must determine whether the evidence, viewed in the light most favorable to the prosecution, is sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In the absence of internal contradiction or irreconcilable conflict with the physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient to support a factual conclusion.
 
 State v. Robinson,
 
 2002-1869, p. 16 (La.4/14/04), 874 So.2d 66, 79. Under the
 
 Jackson
 
 standard, the rational credibility determinations of the trier of fact are not to be second guessed by a reviewing court.
 
 State v. Juluke,
 
 98-341 (La.1/8/99), 725 So.2d 1291, 1293.
 

 Pursuant to La.Rev.Stat. 40:964(B)(11), heroin is a Schedule I controlled dangerous substance. La. R.S. 40:966(C) provides in pertinent part:
 

 |4It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified in Schedule I unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner or as provided in R.S. 40:978, while acting in the course of his professional practice, or except as otherwise authorized by this Part.
 

 At trial, both Detective Jones and Officer Gant testified as to the events of January 20, 2009. In addition, Corey Hall, a criminalist with the NOPD and an expert in the testing and analysis of narcotics, testified that the brown powdery substance taken from defendant tested positive for heroin.
 

 Edward Gai, a private investigator and retired police officer, testified for the defense. He stated that the Chevrolet Avalanche, in which Joseph and the defendant were riding on the night of the defendant’s arrest, was registered in the name of Andrew Joseph. On cross-examination Mr. Gai admitted, given his past experience as a police officer, that given the small quantity of narcotics taken from defendant, the crime lab would not have been called out to the scene to test the contraband.
 

 The defendant’s sole challenge to the sufficiency of the evidence is that the heroin was unlawfully seized, and without the heroin, there was no evidence to support the conviction. This argument is without merit. As discussed pursuant to the defendant’s assignments of error one and five, the evidence was lawfully seized. Furthermore, when considering the sufficiency of the evidence, the court must look to all the evidence presented, even that which might be inadmissible, to determine if the evidence was sufficient to support the jury’s verdict.
 
 State v. Hearold,
 
 603 So.2d 731 (La.1992).
 

 
 *612
 
 In the instant case, after a traffic stop of the vehicle in which the defendant was a passenger, Officer Gant suspected that he might be in possession of a ^dangerous weapon and requested that he exit the vehicle. The defendant was not carrying any identification but disclosed his name to Officer Gant. An NCIC computer search revealed that defendant had an outstanding arrest warrant in Orleans Parish. Officer Gant informed the defendant of his
 
 Miranda
 
 rights and placed him under arrest for the outstanding warrant. Incident to the defendant’s arrest, Gant conducted a full search of defendant during which he discovered the plastic bag containing heroin in defendant’s waistband between his belt and his side. Defendant was again informed of his
 
 Miranda
 
 rights and arrested for possession of heroin. No evidence was presented that defendant was legally in possession of the heroin. Accordingly, the evidence was sufficient to support defendant’s conviction for possession of heroin. This assignment of error is without merit.
 

 Assignments of Error One and Five
 

 The defendant argues in assignment of error one that the district court erred in denying his motion to suppress the evidence and in assignment of error five that the district court erred in denying his motion for a new trial that was based on his argument that the trial court erred in denying his motion to suppress. Specifically, the defendant asserts that the trial court erred in denying the motion to suppress because (1) Officer Gant’s testimony that the police unit spotlight allowed him to see inside the vehicle was not credible; (2) the State failed to produce the alleged outstanding arrest warrant or any other documentation to corroborate the basis of the defendant’s arrest and the subsequent full search of the defendant which resulted in the seizure of the heroin, and (3) the traffic affidavit (State’s exhibit | fione)
 
 [2]
 
 was not signed by either Officer Gant or Detective Jones and, as such, there was no traffic violation to support the basis for the initial stop of the vehicle in which defendant was a passenger.
 

 However, both Officer Gant and Detective Jones testified that the crime computer reflected that there was an outstanding warrant for the defendant’s arrest. The defense did not produce any internal contradiction, irreconcilable conflict or other proof that no warrant existed. Credibility determinations are within the sound discretion of the trier of fact and will not be disturbed unless clearly contrary to the evidence.
 
 State v. Vessell,
 
 450 So.2d 938, 943 (La.1984). The officers’ testimony, if believed by the fact finder, is sufficient to support a factual conclusion.
 
 State v. Marshall,
 
 2004-3139 (La.11/29/06), 943 So.2d 362,
 
 cert. denied, 552
 
 U.S. 905, 128 S.Ct. 239, 169 L.Ed.2d 179 (2007);
 
 State v. Vanburen,
 
 2008-0824 (La. 4 Cir. 12/30/08), 3 So.3d 552. The jury chose to credit the testimony of the police officers. The jury’s determination was not unreasonable in light of the evidence in this case.
 

 Generally, the decision to stop a vehicle is reasonable when the police have probable cause to believe that a traffic violation has occurred.
 
 State v. Waters,
 
 2000-0356, p. 4 (La.3/12/01), 780 So.2d 1053, 1056 (citation omitted). An officer making a traffic stop may order the driver
 
 *613
 
 (as well as passengers) out of a vehicle pending completion of the stop.
 
 Maryland v. Wilson,
 
 519 U.S. 408, 415, 117 S.Ct. 882, 187 L.Ed.2d 41 (1997);
 
 State v. Benoit,
 
 2001-2712, p. 6 (La.5/14/02), 817 So.2d 11, 15. In this case, the stop was justified because the vehicle in which the defendant was a passenger lacked functioning taillights. However, assuming
 
 ar-guendo
 
 that the traffic stop |7was illegal, the defendant’s subsequent arrest on the outstanding warrant was legal and the heroin was found when defendant was searched incident to his legal arrest on the warrant. These assignments of error are without merit.
 

 Assignment of Error Three
 

 By this assignment of error, the defendant argues that the evidence presented at the multiple bill hearing was insufficient to support the judge’s finding that he is a third felony offender. Specifically, defendant asserts that the State failed to prove that he is the same person (identity) convicted in each of the two prior felony convictions used in the multiple bill, and because the State failed to prove that defendant knowingly and voluntarily waived his constitutional rights when he pleaded guilty to the two predicate felonies.
 

 “To obtain a multiple offender conviction, the State is required to establish both the prior felony conviction and that the defendant is the same person convicted of that felony.”
 
 State v. Henry,
 
 96-1280, p. 7 (La.App. 4 Cir. 3/11/98), 709 So.2d 822, 325 (citation omitted). Various methods may be used to prove that the defendant on trial is the same person convicted of the prior felony offense, including testimony of witnesses, expert opinion as to the fingerprints of the accused when compared with those of the person previously convicted, photographs contained in a duly authenticated record, or evidence of identical driver’s license number, sex, race and date of birth.
 
 Id.
 
 (citation omitted).
 

 In the multiple bill of information in this case, the State charged that the defendant pleaded guilty on August 9,1999, in Jefferson Parish case number 99-00001 to attempted simple burglary and on August 31, 1998, in Orleans Parish to |sthe theft of goods valued at over $100.00 on August 31, 1998 in case number 397-668 “H”.
 

 In the instant case, the state produced the arrest register for the Jefferson Parish 1998 conviction (State’s exhibit 2). Officer Joseph Pollard
 
 [3]
 
 testified that he compared the prints on the arrest register with defendant’s prints that he took on the morning of the trial (State’s exhibit 1) and found that the prints were a match. Officer Pollard also compared the prints on the documents contained in certified pack from Jefferson Parish on the 1998 conviction (State’s exhibit 3, the bill of information, docket master, plea of guilty form, fingerprint card and a multiple offender bill of information) with defendant’s prints on State’s exhibit 1; the prints matched. Finally, Officer Pollard compared the prints on the bill of information from the original documents
 
 [4]
 
 for case number 397-668 “H” (State’s exhibit 4) with defendant’s prints on state’s exhibits 1 and 2; the prints matched.
 

 In
 
 State v. Shelton,
 
 621 So.2d 769, 779-780 (La.1993), the Louisiana Supreme Court stated:
 

 
 *614
 
 If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a “perfect” transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a “perfect” transcript, for example, a | oguilty plea form, a minute entry, and “imperfect” transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State has met its burden of proving that defendant’s prior guilty plea was informed and voluntary, and made with an articulated waiver of the three
 
 Boykin
 
 rights.
 

 Following the Louisiana Supreme Court decision in
 
 Shelton
 
 the Louisiana Legislature amended La. R.S. 15:529.1(D)(l)(b) to place the burden of challenging a predicate conviction in a multiple bill proceeding on the defendant. That subsection now provides, in pertinent part:
 

 If the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information.A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the Constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack a sentence, (emphasis added).
 

 In the present case, the defendant did not file a written response to the habitual offender bill of information complaining of any of the prior convictions with particularity. The defendant filed a general objection to the multiple bill asserting that the State failed to introduce sufficient evidence to prove the identity of the defendant beyond a reasonable doubt. Accordingly, the defendant’s argument that the State did not produce sufficient proof of the prior convictions is not preserved for appellate review. Even assuming
 
 arguendo
 
 that this issue was properly preserved for appellate review, the State carried its burden of proof to the allegations in the multiple bill. The State submitted the plea of guilty forms to both predicate felonies reflecting that defendant was informed of all of his
 
 Boykin
 
 rights; that he waived those rights; and that he was represented by counsel. | Accordingly, pursuant to
 
 Shelton,
 
 the state produced sufficient proof of defendant’s prior guilty pleas.
 

 The defendant argues that the trial court should not have accepted the 1998 conviction in Jefferson Parish to enhance his sentence because the copy of the guilty plea form erroneously reflects case number 397-668 (the Orleans Parish case) on it. The trial court conceded that the Or
 
 *615
 
 leans Parish case number did appear on the Jefferson Parish guilty plea form but opined that the notation of case number 397-668 was an attempt by the defendant’s defense counsel to make sure that the defendant’s sentence in the Jefferson Parish case run concurrent with his sentence in 897-668, the Orleans Parish case. Furthermore, the trial court found that because the fingerprints matched on the Jefferson Parish documents (State’s exhibit 3) with defendant’s prints taken on the morning of trial, the State carried its burden of proving that defendant was the same person convicted in Jefferson Parish.
 
 See State v. Cosey,
 
 2004-2220 (La.App. 4 Cir. 7/13/05), 913 So.2d 150 (matching a defendant’s fingerprints to an arrest register which then was matched to other documents concerning the prior offense is sufficient to establish identity).
 

 Thus, the evidence is sufficient to support the defendant’s adjudication as a third felony offender. However, the inquiry does not stop here. The defendant further argues that because the conviction for theft (a felony at the time of the conviction) in case number 397-668 “H” was a misdemeanor at the time of the instant conviction, that it should not have been used in the multiple bill to enhance defendant’s sentence.
 
 [5]
 
 However, “for multiple offender purposes, an offense [nwhich is subsequently reduced to a misdemeanor retains its felony status as of the time of commission.”
 
 State v. Blackwell,
 
 377 So.2d 110, 112 (La.1979) (citations omitted).
 

 Assignments of Error Two and Six
 

 The defendant argues that the trial court erred by denying his motion to reconsider his sentence as excessive because his prior convictions were nonviolent. He also further argues that the trial court increased the defendant’s twelve year sentence to twenty years, without justification, only because the trial court appeared annoyed with defense counsel for objecting to the sentence.
 

 Article I, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. A sentence may violate a defendant’s constitutional right against excessive punishment, even if it is within the statutory limit, if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless imposition of pain and suffering.
 
 State v. Johnson,
 
 97-1906 (La.3/4/98), 709 So.2d 672, 676. Accordingly, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La.Code Crim. Proc. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case.
 
 State v. Black,
 
 98-0457, p. 8 (La.App. 4 Cir. 3/22/00), 757 So.2d 887, 892. If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case.
 
 State v. Caston,
 
 477 So.2d 868, 871 (La.App. 4 Cir.1985). The reviewing court must also keep in mind that maximum sentences should be reserved for the most egregious violators of the offense charged.
 
 State v. Quebedeaux,
 
 424 So.2d 1009, 1014 (La.1982). However, while the articulation of |12the
 
 *616
 
 factual basis for a sentence is the goal of Art. 894.1, it does not require a rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Art. 894.1.
 
 State v. Landos,
 
 419 So.2d 475 (La.1982); the reviewing court shall not set aside a sentence for exces-siveness if the record supports the sentence imposed. La.Code Crim. Proc. art. 881.4(D).
 
 State v. Major,
 
 96-1214, p. 10 (La.App. 4 Cir. 3/4/98), 708 So.2d 813. The trial court has great discretion in sentencing within the statutory limits.
 
 State v. Trahan,
 
 425 So.2d 1222, 1227 (La. 1983).
 

 La.Rev.Stat. 40:966(0(1) provides:
 

 A substance classified in Schedule I which is a narcotic drug (all substances in Schedule I preceded by an asterisk),
 
 [6]
 
 shall be imprisoned at hard labor for not less than four years nor more than ten years and may, in addition, be required to pay a fine of nor more than five thousand dollars.
 

 Pursuant to the Habitual Offender Law, the penalty for a triple offender is imprisonment “for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction.” La.Rev. Stat. 15:529.1(A)(3)(a).
 

 In the instant case, prior to the imposition of sentence, the State informed the trial court that defendant had a pending charge for attempted second-degree murder and a charge for being a convicted felon in possession of a dangerous weapon after defendant admitted to being in possession of a shank while incarcerated. The state argued that defendant was an ideal candidate for the maximum twenty year sentence. Defense counsel argued that the defendant’s sentence should be the | ^minimum sentence because of the small amount of heroin seized from defendant. After hearing both arguments, the trial court sentenced defendant to twelve years at hard labor.
 

 When defense counsel objected and stated that he was going to file another motion for reconsideration of the sentence, the trial court reminded counsel that he had already filed one. When defense counsel insisted that he was going to file a second motion to reconsider the sentence, the trial court increased defendant’s sentence to the maximum twenty years at hard labor, referring to the pending attempted second-degree murder charge and the fact that, after the court imposed his original sentence, the defendant walked past the bench and used profanity.
 

 Notably, the defendant was not held in contempt of court and, although a defendant’s use of profanity in the courtroom constitutes grounds for a separate contempt of court proceeding, it does not justify the eight-year increase in the defendant’s sentence. Thus, as the defendant claims, it appears that the trial judge court increased the defendant’s sentence primarily because she was annoyed with defense counsel. This was unjustified. Accordingly, the defendant’s twenty-year sentence is vacated and the matter is remanded back to the trial court.
 

 Conclusion
 

 The defendant’s conviction is affirmed. The defendant’s sentence is vacated and
 
 *617
 
 the matter remanded back to the trial court for further proceedings.
 

 CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.
 

 [1]
 

 . The defendant’s fourth assignment of error addresses the sufficiency of the evidence and, accordingly, is addressed first.
 
 See State v. Hearold,
 
 603 So.2d 731 (La.1992).
 

 [2]
 

 . Defense counsel did not object to the admission of the traffic affidavit at trial. When asked if he had any objection, defense counsel stated that he had the same objection that he entered at the motion to suppress hearing. The motion hearing transcript reflects that defense counsel did not object to the admission of the traffic affidavit. Tr. p. 56; motion to suppress hearing transcript p. 16.
 

 [3]
 

 . The trial court found Officer Pollard to be an expert in the identification and comparison of latent fingerprints.
 

 [4]
 

 . Officer Pollard testified that he obtained the original documents for case number 397-668 "H” because the certified copies he received were not suitable for comparison.
 

 [5]
 

 . The multiple bill reflects that the defendant was convicted in case number 397-668 of theft in the amount of $120.00 on August 31, 1998, a violation of La.Rev.Stat. 14:67 and a felony at the time of the conviction. The Louisiana Legislature amended La.Rev.Stat. 14:67, in 1999 by Acts.1999, No. 1251. That amendment downgraded theft under $300.00 to a misdemeanor.
 

 [6]
 

 . Heroin, a Schedule I controlled substance, is preceded by an asterisk. La.Rev.Stat. 40:964(B)(11).